HIBBEN vs. SOYER, impleaded with others.

FRAUDULENT CONVEYANCE. (1) *Homestead.* (2) *Rights of grantee — Pleading.* (3) *Bona fide purchaser.*

1. A conveyance by a debtor of his *homestead* is not *fraudulent* as to creditors.

2. In an action to set aside such conveyance, the fact that the property was the debtor's homestead, may be shown under a *general denial;* and the defense is available to the *grantee* without having been set up by the debtor himself.

3. In this case, the grantee being the debtor's mother, and it appearing that he had purchased the property with money belonging to her, and that she had taken the conveyance in satisfaction of his indebtedness to her, a judgment in her favor is affirmed on the further ground that she was a *bona fide* purchaser for value.

APPEAL from the Circuit Court for Winnebago County.

Action by judgment creditors of the defendant *W. H. Soyer,* to set aside a conveyance of land made by said debtor to one Phipps, and a conveyance by said Phipps to *Lealini E. Soyer,* and one from her to *Amelia Soyer* (the two last named being respectively the wife and mother of said debtor). The complaint alleges that these conveyances were without consideration and in fraud of plaintiff's rights. *Amelia Soyer* answered by a general denial ; the other defendants made default. The findings of fact and the judgment were in favor of the defendant *Amelia Soyer;* and plaintiff appealed from the judgment.

*C. Coolbaugh & Son,* for appellant:

1. The conveyances were all voluntary, and were void as against an existing creditor of *W. H. Soyer.* 2 Washb. R. P., 633 ; *Reade v. Livingston,* 3 Johns. Ch., 481 ; *Parkman v. Welch,* 19 Pick., 231 ; *Parish v. Murphree,* 13 How. (U. S.), 98 ; *Hinde v. Longworth,* 11 Wheat., 199 ; *Clark v. White,* 12 Peters, 179–198 ; *Van Wyck v. Seward,* 18 Wend., 375–403 ; *Jackson v. Seward,* 8 Cow., 429 ; *Beck v. Cole,* 16 Wis., 95 ; *Gunn v. Blair,* 9 Wis., 352 ; *Howe v. Colbey,* 19 id., 583 ; *Hamlin v. Jones,* 20 id., 536. Even if the conveyance to *Amelia Soyer* was made for a valuable consideration, it was made with intent to hinder and defraud the creditors of *W. H. Soyer,* and was void. 2 Tay. Stats., 1253, § 1 ; Story's Eq. Jur., § 369 ; *Clark v. French,* 23 Me., 221 ; *Cadogan v. Kennett,* 2 Cowp., 432 ; *Harrison v. Trustees,* 12 Mass., 456 ; *Bridge v. Eggleston,* 14 id., 245 ; *Gardiner v. Otis,* 13 Wis., 460 ; *Hamlin v. Wright,* 26 id., 50.

2. The defense that the property was a homestead cannot be maintained. (1) Such claim was new matter, and could not come in under the answer, which was a mere general denial. *Benedict v. Seymour,* 6 How. Pr. R., 298 ; *Houghton v. Townsend,* 8 id., 441 ; *Fay v. Grimsteed,* 10 Barb., 321 ; *Catlin v. Gunter,* 1 Duer, 253 ; *Brazill v. Isham,* 12 N. Y., 9 ; *McKyring v. Bull,* 16 id., 297 ; 2 Till. & Shearm. Pr., 158, and cases there cited ; *Kitchell v. Burgwin,* 21 Ill., 44 ; *Helfenstein v. Cave,* 3 Iowa, 287 ;

*Babb v. Mackey*, 10 Wis., 371; *Martin v. Pugh*, 23 id., 184. (2) A homestead right is a personal one, which the debtor only can claim, and not his grantee. *Herschfeldt v. George*, 6 Mich., 456 – 469. (3) A mere residence upon premises is not enough to establish a selection of them as a homestead, under the statute. *People v. Plumsted*, 2 Mich., 465. (4) Under our statute the defendant must make his selection before levy, or at least before sale. *Manning v. Dove*, 10 Rich. (S. C.), 395; *Frierson v. Wesberry*, 11 id., 350; *Slanker v. Beardsley*, 9 Ohio St., 589; *Frost v. Shaw*, 3 id., 270; *Helfenstein v. Cave, People v. Plumsted*, and *Herschfeldt v. George, supra*; *Clark v. Potter*, 13 Gray, 21. (5) After property has been sold by the husband, it is then too late to make claim to it as a homestead. *Barker v. Dayton*, 28 Wis., 367–382.

3. If these positions are wrong, still, since the proofs show that the value of the property is greatly in excess of *Amelia Soyer's* claim, an account should be taken of the value of the property and of her interest in it, and she should be required to pay the excess of such value to plaintiffs upon their judgment, or convey the property to them upon their paying her claim. 1 Am. L. C., 49; *Van Wyck v. Seward*, 18 Wend., 375–404; *Boyd v. Dunlap*, 1 Johns. Ch., 478.

*Jackson & Halsey*, for respondent. [No brief on file.]

COLE, J. The judgment in this case, we think, is maintainable on two grounds.

First, the evidence shows that the property in question was a homestead when the conveyances charged to be fraudulent in respect to creditors were executed. The circuit court found that the premises were occupied by *W. H. Soyer* and family for a homestead during all the time from October, 1867, until they were conveyed to the defendant *Amelia Soyer* in September, 1868, and this finding is fully warranted by the testimony. This being so, the property was not liable to sale on execution, and could not be reached by creditors for the payment of their

debts, and a conveyance thereof by the debtor cannot be considered fraudulent as to creditors. This was so decided in *Dreutzer v. Bell*, 11 Wis., 114, and *Pike v. Miles*, 23 id., 164.

But it is said that this defense, that the property was a homestead, was new matter, and could not properly come in under the answer, which was a general denial merely. We cannot see why that defense cannot be made. The foundation of the plaintiff's case is, that the conveyance to the defendant, *Amelia Soyer*, is fraudulent, and that the property should be subjected to the payment of his judgment. This the defendant denies, but asks no affirmative relief. The plaintiff's action is defeated when it appears that the property was a homestead and by law exempt from sale on an execution.

It is also insisted that this defense is a personal one, which the debtor alone could make. A similar question was presented in *Winterfield v. The Milwaukee & St. Paul R'y Co.*, 29 Wis., 589, but it was there held that a person summoned as a garnishee might answer that the property in his hands was exempt by law from seizure on attachment or execution, and thus defeat the garnishee suit. The principle of that decision disposes of the objection that the defendant *Amelia Soyer* could not rely upon the defense that the property conveyed to her was the homestead of *W. H. Soyer* and family. See also *Main v. Bell*, 27 Wis., 517, and *Connaughton v. Sands*, 32 Wis., 387.

But to our minds quite as satisfactory a ground as any upon which to place the affirmance of the judgment is, that the evidence shows that *Amelia Soyer* was a *bona fide* purchaser of the property, having paid a full consideration therefor. The testimony establishes the fact that *W. H. Soyer* had sold his mother's real estate in Fentonville, Michigan, had received the consideration money therefor, and had appropriated a portion of that money to purchase the property in question. It is true, he testifies, that he purchased that property in Michigan with his own means, and that the title was conveyed to his mother for his use and benefit. In view of the matters appearing in this rec-

ord affecting his character for truth and honorable conduct, we are constrained to say that his statements are entitled to but very little if any credit. The transaction of causing this property to be conveyed to Diantha Worcester by fraud and imposition practiced upon his mother, shows him to be a very depraved and dissolute man. And the evidence shows that, with other vices, he is untruthful. No reliance can therefore be placed upon his statements under oath. But from reliable testimony in the case we feel warranted in the conclusion that the Fentonville property actually belonged to *Mrs. Soyer*, and that when it was sold, the purchase price, amounting to some $3,500, went into the hands of her son, *W. H. Soyer*. If this was the case, then it is very clear that *W. H.* was largely indebted to his mother when his wife conveyed the property by the deed of September 2, 1868, and there is nothing to impeach the good faith of that conveyance. No presumption can be made that it was fraudulent either as to existing or subsequent creditors of *W. H. Soyer*.

*By the Court.* — The judgment of the circuit court is affirmed.