ANNE M. KVELLO *vs.* F. W. TAYLOR.

Opinion filed May 21st, 1895.

**Homestead—Transfer—Fraud on Creditors.**

> Fraud upon creditors cannot be predicated upon the disposition of a homestead.

**Surrender of Land Contract—Consideration.**

> Where a vendee in a land contract surrenders his contract to the vendor, and the same is accepted, the release of the vendor from the obligations of the contract is a sufficient consideration to support the surrender.

**Instruction Assuming Facts in Issue.**

> Instructions asked that require the court to assume the existence of any fact in issue are properly refused.

Appeal from District Court, Ransom County; *Lauder,* J.

Action by Anne M. Kvello and others against F. W. Taylor to recover possession of wheat. Judgment for plaintiffs, and defendant appeals.

Affirmed.

*Ed. Pierce* and *Edward Engerud,* for appellant.

*P. H. Rourke,* for respondents.

BARTHOLOMEW, J. This action involves the ownership of a quantity of wheat of which plaintiffs claim to be the owners, and which had been seized by the defendant, Taylor, as sheriff of Ransom County, under and by virtue of a special execution, to him directed, issued upon a judgment foreclosing a chattel mortgage given by one Nels O. Anderson, and which, it is claimed, covered this particular wheat. The admitted facts in the case are as follows: In 1890 one Oium was the owner of the N. W. $\frac{1}{4}$ of section 10, township 135, range 55, in Ransom County. In June of said year Oium sold the land to said Nels O. Anderson by a land contract, upon what is called the "crop plan," calling for a deed upon the payment of the amount and performance of the conditions on the part of Nels O. Anderson therein specified. Anderson, with his family, at once took possession of the land, it

being unbroken prairie land at the time, and proceeded to break up a portion of it and erect buildings thereon. It constituted his homestead. In November, 1891, Mr. Anderson executed a chattel mortgage to one Johnson, covering the crop of wheat to be grown upon said land in the year 1893. Johnson sold and transferred the note secured by the mortgage to the Sheldon State Bank, and in the fall of 1893 the bank foreclosed the mortgage by action, and it was under this foreclosure that the wheat was seized, it being wheat grown on said land in 1893. In 1891 Oium deeded the land and assigned the Anderson contract to Anne M. Kvello, one of the plaintiffs. In the fall of 1892 Nels O. Anderson, by agreement with Anne M. Kvello,—her husband, Mr. Kvello, acting for her, surrendered and abandoned his land contract. About 30 days thereafter, Mrs. Kvello, by her said husband, leased the land to Eli O. Anderson, the other plaintiff and the wife of Nels O. Anderson, for the year 1893.

· Plaintiffs claim that the wheat seized was raised under this lease. By the terms of the lease, the title to the entire crop of 1893 was to remain in Mrs. Kvello until certain conditions were performed, which it is admitted were not performed at the time of the seizure. The defendant claims that the pretended surrender by Nels O. Anderson, and the subsequent lease to Eli O. Anderson, were colorable only, and were in fact made for the purpose of defrauding the creditors of Nels O. Anderson, and particularly the plaintiff in the special execution; that this purpose was known to and aided and abetted by Mrs. Kvello; that in fact the land contract was not surrendered, but was continued in full force, and Nels O. Anderson continued to act thereunder, and did in fact raise the crop of 1893 by virtue of his rights given by the contract, but under the fraudulent cover of a pretended lease to his wife. The jury resolved the issues in favor of the plaintiffs.

Under the first assignment of errors it is urged that this verdict is not supported by the evidence. The abstract is somewhat voluminous. All the circumstances surrounding these transac-

tions were brought out in detail. We cannot disturb the verdict upon the ground assigned. It has support in the evidence. The proper triors of fact have declared that such evidence was sufficient to satisfy them, and that must satisfy us. We may remark, in passing, that appellant's severest criticisms upon the verdict arise upon the lease, from the showing made in the evidence that Mrs. Anderson had no separate property, and that she had neither machinery nor stock wherewith to raise a crop, and that Anderson did or hired the work required to raise the crop, that he furnished the seed, machinery, and teams. All this might be admitted. It might be admitted that the lease was in fact for Anderson's benefit. Nevertheless he could acquire no greater rights under the lease than Mrs. Anderson had, and under the terms of the lease Mrs. Kvello was clearly entitled to the possession of the wheat when it was seized. It may even be true that Anderson's surrender was made for the purpose of defrauding his creditors. Yet, if it was actually made, if he retained no rights under the contract of purchase, if that was extinguished, even with an understanding that such contract might be renewed in future, if with better prices and with better times Anderson saw his way clear to comply with the terms of the contract, such surrender would not avail appellants. The land was Anderson's homestead, and as such exempt from any claim for debt, and he could dispose of it as he saw proper, and creditors would have no legal cause of complaint. It was only necessary that such surrender be actual. Its character cannot be assailed by creditors. This has been so often ruled that appellant's counsel frankly admit that they could not attack an actual transfer.

In answer to the contention that the surrender under the circumstances was without consideration and void, it need only be stated that the release of Anderson from the obligations of the contract which would necessarily arise from an acceptance of the surrender would be sufficient consideration to support the same.

Errors are assigned upon the admission of certain evidence. We find no merit in them. The evidence thus admitted tended

to show the character and condition of the land, the amount realized by Anderson in farming the same in 1892, and the size of Anderson's family. This was introduced for the purpose of showing why Anderson desired to surrender his contract; and, while one result may have been to arouse in the minds of the jury sympathy for Anderson, yet the evidence was none the less competent.

Complaint is made of that portion of the charge where the court instructs the jury that the proofs of fraud must be clear and convincing. But this principle is so elementary that it needs no defense at our hands.

A large number of instructions were requested and refused. Errors are assigned upon the resusal to give the fifth, eighth, ninth, and eleventh instructions refused. The fifth deals with an actual transfer, made for the purpose of defrauding creditors. As already seen, that point was not and could not be urged in this case. Appellant must defeat the case on the ground that there was no transfer in fact. It would not avail him to show a transfer good as between the parties, but made to defraud creditors. The instruction was properly refused. The eighth and eleventh instructions refused relate to transactions between husband and wife. The court could not give them in the form requested without assuming that there had been transactions in this case between Mr. and Mrs. Anderson. That was directly opposed to plaintiffs' theory of the case. They claimed that there had been a transaction between Mr. Anderson and Mrs. Kvello, and subsequently Mrs. Kvello had a transaction with Mrs. Anderson, but neither in fact nor in law did such transaction amount to a transfer from Mr. Anderson to his wife. The court could not properly assume the contrary, and the instructions were properly rejected. The ninth instruction refused required the court to assume that the appellant had made out a *prima facie* case of fraud. If more guarded in its language it might properly have been given. Still, we think the point fully covered by the charge, and in better form than that requested.

We find no error in the record and the judgment must be affirmed.  All concur.