UNION NATIONAL BANK OF MINOT, Appellant, v. ANDREW PERSON and EDLA R. PERSON, Respondents.

(185 N. W. 266.)

**Fraudulent conveyances — plaintiff's evidence held not to establish conveyance with intent to defraud creditors.**

1. Plaintiff's action is brought to procure a certain deed executed and delivered by the defendant, Andrew Person to his wife, Edla R. Person, declared fraudulent and void.

It is *held* that plaintiff has failed to establish as a fact that the conveyance was made with the intent to defraud the creditors.

Opinion filed Oct. 19, 1921. Rehearing denied Nov. 15, 1921

Appeal from a judgment of the District Court of Burleigh County, *Coffey,* J.

Judgment affirmed.

*Fisk & Murphy,* and *Cameron & Wattam,* for appellant.

A discrepency of 25% between the debt paid and the value of the property conveyed was held such an excess as to entitle the creditors to avoid the conveyance as to the excess even though no actual fraud was imputed. Guitchtel v. Dewall, 59 N. J. Eq. 651; 41 Atl. 227.

A conveyance by the husband to his wife of property worth $5,000.00 for a debt amounting to $2,856.00 was held to be void as to the excess and creditors allowed to participate. Ryan v. Mayer, 108 Mich. 638; First National Bank v. Smith, 149 Ind. 443.

Where the husband disposed of all his property to his wife for a consideration entirely inadequate, the court imputed to the vendor an intent to defraud and imputed knowledge to the vendee and avoided the

conveyance in toto in behalf of creditors. This case is on all fours with the case at bar. Clark v. Bell, 40 Tex. Civ. App. 398 89 S. W. 38.

The following cases lay down the same rule on fact very similar. Russell v. Davis, 133 Ala. 647; 31 So. 514; 91 Am. St. R. 56; Cox v. Collis, 109 Iowa 270; 80 N. W. 343; Wiltse v. Flack, 115 Iowa 51; 87 N. W. 729; Griswold v. Szwanek, Neb., 118 N. W. 1073.

"A husband cannot give to his wife that which the law regards as belonging to his creditors. Hence, if he is insolvent, or if his conveyance leaves him with an amount of property insufficient to pay his debts, it may be avoided at the instance of existing creditors." 12 R. C. L. p. 516.

"A conveyance from husband to wife requires less proof to show fraud, and, when a prima facie case is made, stronger proof to show fair dealing, than would be required if the transaction were between strangers." 12 R. C. L. 515.

This court has recognized the above rule. Meichen v. Chandler, 20 N. D. 233.

*Theodore Koffel,* for respondents.

The wife is not required to keep any books or account when dealing with her husband in relation to her separate estate. Buhl et al v. Peck et ux, 37 N. W. 876.

That relationship between the vendor and vendee is not a badge of fraud, nor a ground for suspicion, has been recently held by our own Court. First National Bank of Ashley v. Mensing, 180 N. W. 58; Fluegel v. Henschal, 74 N. W. 996.

No presumption of fraud can arise from the mere fact that the parties to the conveyance in question are husband and wife. Nor can there be any ground for scrutinizing the transaction more carefully or with greater suspicion than if the conveyance had been made to strangers. Beach v. White, Walk; 495; Perkins v. Perkins, 1 Tenn. 537; Teller v. Bishop, 8 Minn. 226.

The relationship does not create a presumption of fraud. Note 2, 90 Am. St. Rep. 497.

Neither was she required to take from her husband any kind of acknowledgements of indebtedness for her advance. Adoue v. Spencer, 56 L. R. A. 817 and note.

Mere suspicion does not render a conveyance fraudulent. Steele v. DeMay, 60 N. W. 684.

Where there is transfer of title as well as of possession this section has no application.   Walklin v. Horswill, 24 S. D. 191 ; 123 N. W. 668.

An assignment accomplished by immediate change of possession is not fraudulent.   Wright v. Lee, 10 S. D. 263; 72 N. W. 895.

Filing chattel mortgage is equivalent to actual delivery and continued change of possession. Reichert v. Simons, 6 Dak. 239, 42 N.W. 657.

Possession may be by agent and that agent may be the vendor.   Grady v. Baker, 3 Dak. 296; 19 N. W. 417.

An assignment free from fraud in its inception is not invalidated by subsequent fraudulent acts.   Wright v. Lee, supra.

A conveyance with the sole object of securing an honest debt is not fraudulent.   Paulson v. Ward, 4 N. D. 100; 58 N. W. 792.

A conveyance is not fraudulent because the husband is indebted at the time of conveyance.   Kelly's Appeal 77 Pa. St. 232.

Indebtedness or even insolvency is no obstacle or hindrance to a transfer in good faith of property for a debt due the wife.   Lehman v. Levy, 30 La. Ann. 745.

A conveyance by a husband to his wife in consideration of money borrowed from her without notice of fraudulent intent is good as against other creditors.   Hagen v. Robinson, 94 Ind. 138; Thompson v. Feagin, 60 Ga. 82.

In an action of quia timet the question of title between the parties may be fully litigated and determined and a decree rendered assigning the title to the real estate, or any part of it, to the party entitled thereto. Dolen v. Black, 67 N. W. 760; Snowden v. Tyler, 31 N. W. 661; Bausman v. Kelly, 36 N. W. 333; Eagen v. McDonald, 153 N. W. 915.

GRACE, C. J.   This action was brought to have a certain deed executed and delivered by the defendant Andrew Person to his wife, Edla R. Person, declared fraudulent and void as against the plaintiff, a creditor. The action was tried to the court without a jury.   It made findings of facts, conclusions of law, and an order for judgment in defendant's favor.   Judgment was entered in pursuance to the order, and this appeal is from the judgment and a trial de novo in this court requested.

The debt which is the basis of the plaintiff's cause of action is a judgment recovered by it against the defendant and others, on or about December 17, 1919.

The complaint contains the usual and necessary allegations in a cause of action of this nature.   The defendants answered separately, alleging

a good and valuable consideration for the transfer, and denied that the conveyance of the property from Person to his wife was made with fraudulent intent to dispose of the property conveyed or transferred for the purpose of placing it beyond the reach of his creditors, and further alleging that Edla R. Person purchased from her husband the premises and property in question in the summer of 1916, and paid him therefor the full value thereof.

The trial court made the following findings of fact. If these findings are sustained by the evidence, the judgment appealed from should be affirmed. They are as follows:

## Findings of Fact.

I.    That the above-entitled action was duly and regularly commenced in the district court of Burleigh county, N. D., by the issuance of a summons therein as provided by law, dated the 28th day of June, A. D. 1920, and that said summons and the complaint in said action were duly served upon said defendants in Burleigh county, N. D., and that said complaint sets forth a cause of action against the defendants for the transfer of certain property in fraud of their creditors, and that the defendants within the time prescribed by law served their answer thereto and issue joined.

II.    That during the month of May, 1916, the defendants entered into a good and valid agreement in good faith, wherein and whereby the defendant Andrew Person sold and assigned and conveyed to the defendant Edla R. Person the premises described in the complaint, together with other property, both real and personal, for a good, valid, and sufficient consideration, and which said agreement was subsequently thereto carried out in full; that the defendant Edla R. Person paid to the defendant Andrew Person the sum of $11,000 cash; $4,000 of which had been advanced prior to said agreement at various times and in various sums, and the balance thereof, $7,000 was paid in full by the defendant Edla R. Person, to the defendant Andrew Person, early in the spring of 1917; that in addition thereto the defendants placed a mortgage on the premises described in the complaint for the sum of $27,750, which mortgage the defendant Edla R. Person assumed; and further assumed debts and obligations contracted on the improvement of the building on said property amounting to $3,000 worth of material to the Carpenter

Lumber Company, and $7,000 to the First National Bank of Bismarck; that at the time of said agreement there were other incumbrances against the property described in the complaint and the other property conveyed, which were paid out of the $27,500 mortgage, and that the consideration paid by the defendant Edla R. Person was a full, fair, and reasonable consideration for the property both real and personal, transferred to her by her husband, the defendant Andrew Person.

III. That, at the time of the said agreement and the transfer of property therein contracted to be sold and conveyed, the defendant Andrew Person was not indebted to this plaintiff, or any other person, to such an amount or in such sums as would make this transfer fraudulent as to the plaintiff, or any other creditor; and that the defendants had a good and legal right to make the agreement in May, 1916, alleged and proved; that said agreement was made in good faith by both the defendants Edla R. Person and Andrew Person, and without the intent of hindering, delaying, or defrauding the creditors of the defendants or either of them.

IV. That the debts on which the judgment of the plaintiff is founded was created subsequent to the agreement between the defendant Andrew Person and his wife, Edla R. Person; and that the exhibits or said indebtedness show upon their face that all notes signed by the defendant Andrew Person were paid in full, except $500; that the plaintiff never notified or demanded payment from the defendant Andrew Person prior to the conveyance by said Andrew Person of the property described in the complaint.

V. That the defendant Andrew Person had a good right to honestly believe, and did believe, that the indebtedness and notes which he had signed and which were made payable to the plaintiff had all been fully paid prior to the conveyance of the premises by him to the defendant Edla R. Person.

VI. That the defendant Edla R. Person had no knowledge of any indebtedness of her husband to the plaintiff, nor had she any knowledge of any facts or circumstances which would put her upon her inquiry as to any indebtedness of her husband, Andrew Person, to the plaintiff at the time when she made her agreement with her husband for the purchase of the said premises described in the complaint, and the other property, both real and personal, described in said agreement, nor at the time that she made the final payment of the consideration agreed to be

paid to her husband, nor at the time that the conveyances were actually made to her, nor at any time before said agreement was fully completed between her and the defendant, Andrew Person.

VII. That said agreement, sale, and transfer of the property by the defendant Andrew Person to the defendant Edla R. Person were made in absolute good faith and without the intent on the part of either of said defendants to hinder, delay, defraud, or cheat the creditors of the defendant Andrew Person, or any other person whatsoever; that the said agreement was fair, and reasonable, and legal in all respects, and full consideration paid for the property conveyed.

VIII. That the plaintiff, the Union National Bank of Minot, has wholly and utterly failed to prove any fraud committed by the defendants, or either of the defendants, upon the part of the plaintiff, or any other person, in the transaction complained of or in the conveyance of the property described in the complaint by the defendant Andrew Person to the defendant Edla R. Person, or any of the property agreed to be transferred and subsequently conveyed in the agreement made between the defendants in May, 1916; that the delay in finally completing said agreement between the defendants does not evidence or raise any presumption of fraud between said defendants, but, on the contrary, raises a presumption of good faith, and the belief of the defendants themselves in their right to make the transaction, and to make it in their own way, and at the times it was convenient to them, having no fear of any intervention by any creditor or any other person who might object thereto, and does not manifest a disposition on the part of the defendants to transfer property in haste in order to defeat creditors.

IX. That this is an action to set aside a conveyance in fraud of creditors, and to establish a lien of the creditors upon the premises described in the complaint.

X. That the plaintiff has no right, title, estate, claim, lien, or demand in or to the premises hereinafter and in said complaint described of any kind, nature, or description whatsoever, and is forever debarred and enjoined from asserting or claiming any thereto.

XI. That all and singular the allegations of the answer are true, and the same are hereby adopted as additional findings of fact, and that the defendant Edla R. Person is the owner in fee simple of and to the real estate described in the complaint, to wit: Lots numbered 7 and 8 in block numbered 40 of the Northern Pacific Second addition to the city

of Bismarck, N. D., according to the plat thereof on file and of record in the office of the register of deeds in and for Burleigh county, N. D., free and clear of any lien, claim, or demand in and to the same or any right, title, or estate therein by or of the plaintiffs.

The only error specified by plaintiff is that it desired a review of the entire case in this court. The principal point to be determined is whether there was an actual bona fide sale in May, 1916, of lots 7 and 8, block 40, of the Northern Pacific Second addition to the city of Bismarck, by Andrew Person, in whose name the title of the premises then stood, to Edla R. Person upon the terms and for the consideration as claimed and testified to by them.

The evidence is so abundant in this respect that it may be termed almost conclusive. It clearly shows that the agreement was then made, and that the defendant then made a first payment thereon in the sum of $4,000, which were for advances which Edla R. Person had prior thereto made to her husband. It further shows that she borrowed $7,000 from her father, and in the spring of 1917 paid that sum to her husband as a part of the purchase price of the property in question. The defendant Edla R. Person, in the spring of 1916, commenced the erection of "Person Court" on said lots, the construction thereof being under the supervision of her husband. The title of the premises at this time still remained in her husband's name. About 1916 she obtained a loan for the sum of $27,750 from the Dakota Trust Company, executing a mortgage therefor on these premises signed by herself and husband, and this was filed June 15, 1916. Thereafter she made a further loan with the First National Bank of Bismarck for $7,000 and became indebted to the Carpenter Lumber Company for the sum of $3,000, and to Chas. Anderson in the sum of $2,000. These sums, including the amount she had paid her husband, aggregated about $50,750 which represented the cost of the property in 1916 to the defendant. Andrew Person purchased lots 7 and 8 in 1909 for $1,500, and then erected thereon a duplex house of the value of about $8,000. He also owned lot 1, block 18, River View addition to the city of Bismarck, valued at about $500; he erected a dwelling house thereon of the value of about $2,500. In 1916 he sold all these, and as well his personal property, valued between $1,075 and $1,500 to his wife. He at that time owed on all the property about $4,500. His equity in the property was something more than $9,000. The evidence fairly shows the foregoing facts, and further shows that defendant had paid.

her husband $11,000 in money for the said property in the condition it was before the erection of Person Court.

The evidence fairly shows that, at the time of the sale in 1916, Andrew Person directed a deed to be made of lots 7 and 8 to his wife. It shows further that, when she was making a loan from the Dakota Trust Company on this property, it raised some objection to the title to these premises, the nature of which it is not necessary to here mention. She brought an action in the fall of 1916 to quiet her title thereto. This action was not determined until the fall of 1917, and at the time it was determined Andrew Person gave a deed of these lots to his wife. At the time she brought the action she did not have record title to lots 7 and 8. This, however, is immaterial, for, under § 8144, C. L. 1913, she could maintain the action if she had an estate or interest, lien or incumbrance upon the property, the title of which it was intended to quiet by the action. The plaintiff here was not made a party to that action, and there is no reason why it should have been. It had no interest in property, nor any lien upon it. Its claim, if any, against Andrew Person at that time had not been reduced to judgment, and made a lien against this property, nor was it otherwise made a lien thereon. Plaintiff's judgment was not recovered until December 17, 1919, when one for $3,071 was recovered and docketed in the office of the clerk of court of Ward county. It was unnecessary, therefore, that the action to quiet title at the time it was brought should include the plaintiff. It is therefore not necessary to further consider any of the facts or circumstances connected with the bringing of the action to quiet title.

We turn now to the examination of the indebtedness, if any, which Andrew Person owed plaintiff at the time of the sale of the premises in 1916. On May 2, 1916, C. M. Knutson, J. H. Jensen, and Andrew Person (who the plaintiff maintains are the members of the Western Building Company, though Person earnestly denied he was ever a member thereof) executed and delivered to plaintiff a promissory note in the sum of $1,500 due three months after date. On the back of this note there is an indorsement of $30 accompanied by the notation: "Interest paid 8—3—16." The amount is equal to the amount of the interest on the note from the date thereof for a period of three months thereafter at 8 per cent. per annum. On the face of this note it is marked, "Renewed." On August 3, 1916, the same parties executed their note to the plaintiff for $1,500. This note is unquestionably a renewal of the note last mentioned. On this note are two $500 payments indorsed on the face thereof, the first

of which was made October 17, 1916, and the second the following day. On the 21st day of October, three days subsequent to the date of the last payment, this note is stamped paid, and, considering all of the facts and circumstances, there is not the least doubt of its payment in full. The plaintiff had no other claim or obligation against Person excepting a note dated October 2, 1917, for $2,000, signed by the Western Building Company by J. H. Jensen, and one dated November 22, 1917 for $500, signed by the Western Building Company, by Knutson and Jensen. Neither of these notes was signed by Person. He, however, in suit brought to recover upon them, was held liable, on the theory that he was one of the partners in the Western Building Company. The judgment recovered is that which plaintiff seeks to have paid by first having the sale of the premises, lots 7 and 8, denominated and declared one in fraud of creditors, and then by appropriate proceedings to have the premises sold and the proceeds applied to the payment of its judgment. It is clear, however, that, at the time of the sale of the premises by Person to his wife, he was in no manner indebted to the plaintiff. The evidence also clearly establishes that he did not know that he was indebted or was under any liability to the plaintiff at any time between the sale or until after the transfer. He did not know of any claim against him except the two $1,500 notes, one of which was a renewal of the other, and, as renewed, paid, until the commencement of the action by the plaintiff to recover on the $2,000 and $500 notes. It is therefore clear that he did not sell and transfer his property to his wife with intent to delay or defraud his creditors or any of them. Whether the transfer is fraudulent is a question of intent. It must clearly appear that there is a fraudulent intent to render a conveyance void. Dalrymple v. Trust Co., 9 N. D. 306, 83 N. W. 245; Stevens v. Meyers, 14 N. D. 398, 104 N. W. 529; Bernauer v. McCaull-Webster Elevator Co., 41 N. D. 561, 171 N. W. 282.

If Person had creditors at the time of the sale or the transfer of the premises, that fact alone would not be sufficient to avoid the conveyance. It must further appear and be established as a fact that the conveyance was made with the intent to defraud creditors; this plaintiff wholly failed to do. The trial court has found as a fact that there was no intent to defraud creditors by the sale or conveyance of the property in question. That finding is amply sustained by the evidence. Aside from this, it must be remembered that the purchaser Edla R. Person, according to the proof, paid in cash the full amount of the purchase price, which was the approx-

imate value of the premises and the property she purchased, and that her husband received the same and used it for his own purpose.

True it is that business transactions between husband and wife should be carefully scrutinized in a proceeding challenging the good faith thereof, but this does not mean that every such transaction when so challenged must be looked upon as a badge of fraud. If in such transaction they acted in good faith, and it is not established that it was initiated and consummated with intent to defraud creditors, it is legitimate and valid; it is recognized by and receives the protection of law, the same as transactions between those not standing in a confidential relation or those not related to each other. First National Bank of Ashley v. Mensing, 46 N. D. 184, 180 N. W. 58.

The findings of fact of the trial court are clear, concise, and correct, and are adopted, together with such other facts as we have found as the findings of fact of this court. We conclude, therefore, that neither the sale of the premises heretofore mentioned (lots 7 and 8) nor of the personal property was with the intent to defraud any creditors and particularly the plaintiff.

There is no error in the record. The judgment appealed from should be affirmed. It is affirmed. Respondents are entitled to their costs and disbursements on appeal.

CHRISTIANSON, BIRDZELL, and BRONSON, JJ., concur.

ROBINSON, J., dissents.