FARMERS STATE BANK OF ANSELM, NORTH DAKOTA, Respondent, v. HERMAN H. WEISENHAUS and Hilda M. Weisenhaus, Appellants.

(198 N. W. 673.)

**Fraudulent conveyances — husband's conveyance of homestead to wife not fraudulent as against creditors having no enforceable rights.**

1. The conveyance by a husband to his wife of the homestead is not a fraudulent act as against creditors who have no enforceable rights thereupon.

**Homestead — right of husband's judgment creditors to avoid transfer of homestead to wife depends on nonexempt value.**

2. Where a husband has transferred to his wife his homestead consisting of 160 acres, the right and cause of action of a judgment creditor of the husband

Note.—(3) Limitations as to value of homestead, see 13 R. C. L. 580.

in avoiding such transfer is dependent upon the value of the land being in excess of $5,000, and, then, is limited to the excess of such value, as nonexempt property.

**Homestead — mortgage not deducted in determining value of homestead transferred by husband to wife.**

3. In determining the value of such homestead, an existing mortgage executed by both husband and wife should not be deducted.

**Setting aside of transfer erroneous.**

4. The trial court erred in setting aside the transfer so far as it affected the homestead.

**Appeal and error — when remand for statutory appraisal of homestead proper stated.**

5. Where the evidence upon the proper cause of action concerning the illegal intent of husband and wife in violation of § 7220, Comp. Laws 1913, and concerning the value of the land is meagre and indefinite, it is held, for reasons stated in the opinion, to be proper to remand the cause for further proceedings with suggestion to use the statutory method of appraisal for a homestead.

Opinion filed April 18, 1924.

Appeal and Error, 4 C. J. § 3239 p. 1199 n. 24. Fraudulent Conveyances, 27 C. J. § 66 p. 441 n. 56; § 67 p. 445 n. 79, 79 New; § 726 p. 799 n. 42. Homestead, 29 C. J. § 97 p. 826 n. 60; § 102 p. 828 n. 87; § 428 p. 973 n. 47.

In District Court, Ransom County, *McKenna*, J.

Action to set aside a deed alleged to have been made with intent to delay and defraud creditors.

Defendant has appealed from the judgment and has demanded a trial de novo upon appeal.

Reversed and remanded for further proceedings.

*Curtis & Remington* and *E. T. Burke*, for appellant.

. "No presumption as to fraud arises from the relationship of a party or from the nature of the consideration," and this rule has been followed both in North Dakota and South Dakota. Dalrymple v. Trust Co. 9 N. D. 306, 83 N. W. 245; First State Bank v. O'Leary, 13 S. D. 204, 83 N. W. 45.

"If no consideration be expressed in a deed evidence of a consideration may be given. If the deed purports to be for a valuable consideration evidence may be given of an additional consideration of the same kind as that set forth. The additional consideration may consist of

either money paid to grantors, creditors, or of an indebtedness due the grantee, or a liability as an endorser, or the grantee's note, or a claim for damages, or future advances, or marriage, or any other valuable consideration." See Bump, Fraud. Conv. 605. See also Wait, Fraud. Conv. 3d ed. § 222.

A deed is valid in law with any consideration however small, but as inadequacy of consideration may be relied on as an evidence of fraud the party claiming under it may show that another and greater consideration was given than that expressed, and even a different consideration, if valuable, may be proven. Bullard v. Briggs, 24 Mass. 533.

"The rule prohibiting evidence of subsequent acts or declarations of a grantor applied not only where the object of the conveyance is to prevent the property from going to satisfy existing debts, but also in the case of a voluntary conveyance sought to be impeached by subsequent creditors." 6 Enc. Ev. 155.

The declaration of a grantor made after the execution of his deed should be received to destroy the deed he had made is against reason and against law, and is especially so in the case of a husband denouncing the title of his wife. 55 Tex. 53.

"A woman may permit her husband to have the possession of her separate property without giving it to him, or subjecting it to the claims of his creditors. Where a wife's separate property comes into the hands of her husband from her, or others acting for her, the law will not presume that it was a gift to him, but the burden is on him to establish that it was a gift. As said by the Federal Supreme Court: 'Whenever a husband acquires possession of the separate property of his wife, whether with or without her consent, he must be deemed to hold it in trust for her benefit in the absence of any direct evidence that she intended to make a gift of it to him.'" 13 R. C. L. p. 1387.

"If the obligation is joint there is not only no action stated to the claim for a personal judgment . . . but there could be no cause for setting aside a conveyance of his property without exhausting those who were, as to such sum, jointly liable with him; as long as the legal remedy existed against part of the joint debtors equity would not extend its relief as to another of such debtors." Eller v. Lacy (Ind.)

36 N. E. 1089; Wales v. Lorence, 36 N. J. Eq. 207; Randolph v. Dailey, 16 N. J. Eq. 313.

"In an action on an insurance policy, the sworn tax list, rendered by the insured, is inadmissible in evidence, to contradict the insured's testimony as to value, it being an admission for a special purpose." German Mut. Ins. Co. v. Neiwiede (Ind.) 39 N. E. 534; Railroad Co. v. McDougal (Ind.) 8 N. E. 179; Central P. R. Co. v. Feldman (Cal.) 92 Pac. 849; Ft. Collins Dev. Co. v. France (Colo.) 92 Pac. 953; Flint v. Flint (Mass.) 83 Am. Dec. 615; Anthony v. R. R. Co. (Mass.) 37 N. E. 780.

*Kvello & Adams* and *F. S. Thomas,* for respondent.

"A change of theory will not be permitted on appeal from that adopted in the trial court." Minneapolis, St. P. & S. Ste. M. R. Co. v. Stutsman, 31 N. D. 597, 154 N. W. 654.

"The theory adopted by the parties in the court below and pursuant to which the trial was there conducted cannot be departed from the first time in the supreme court." Ugland v. Farmers & M. State Bank, 25 N. D. 536, 137 N. W. 572.

"The appellate court will consider only the grounds urged in the trial court in a motion for nonsuit or directed verdict and the appellant will not be permitted to change them or to add others in the appellate court." Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592.

"A defense not raised in the trial court will not as a general rule be considered on appeal." Felton v. Midland Continental R. Co. 32 N. D. 223, 155 N. W. 23.

"Parties cannot try their causes on one theory and when defeated on that line assume a different position on a motion for new trial or in the appellate court but the theory adopted by the trial court with the acquiescence of both parties will govern on appeal." Crisp v. State Bank, 32 N. D. 263, 155 N. W. 78.

"Where both parties act upon a particular theory of the cause of action, they will not be permitted to depart therefrom on a motion for a new trial or in the appellate court, so that, when the case has been tried upon the theory that a single question of fact was the only question in issue, a party having been defeated upon such issue cannot assert that other facts should also have been established." Rickel v. Sherman, 34 N. D. 298, 158 N. W. 266.

"There are two classes of cases in which a judgment creditor may come into this court for relief: First, in aid of his execution at law as to set aside an encumbrance or a transfer of property made to defraud creditors. Second, to have his judgment paid out of choses in action or other property of his debtor not liable to execution. Relief is given in these two classes of cases on different principles: In the first class on the ground of fraud and in the other on the ground that the complainant has exhausted his remedy at law and that it is unequitable and unjust for the debtor under such circumstances to refuse to apply any choses in action or any other property belonging to him not liable to execution in payment of the judgment." Williams v. Hubbard, Walker, Ch. 28.

A voluntary conveyance is a transfer of an estate made without any adequate consideration of value.

The recital in this deed is:

"In consideration of love and affection and $1."

Some illustrations are as follows:

"A conveyance of lands to the grantor's children for a recited consideration of $1." Folmar v. Lehman-Durr-Co. (Ala.) 41 So. 750.

"A conveyance by husband to his wife for a recited consideration of love and affection and $1." Houston v. Blackman (Ala.) 41 Am. Rep. 756.

"A conveyance of property worth $20,000 for a recited consideration of $10." Ten Eyck v. Whitbeck (N. Y.) 31 Am. St. Rep. 809, 31 N. E. 994.

"As between husband and wife a voluntary transfer of property by gift in consideration of love and affection only is a good consideration as between them but it is not a sufficient consideration as against creditors of the donor." Dirke v. Union Sav. Asso. 40 S. D. 529, 168 N. W. 578. 27 C. J. Fraudulent Conveyances, § 206 and cases cited under note 44.

"The deed was made for but a nominal consideration at a time when the grantor was unable to pay his debts. It must therefore be regarded as a mere voluntary conveyance without consideration and void as to creditors whose claims existed at the time of its execution." Gustin v. Mathews, 25 Utah, 168, 70 Pac. 402.

A husband cannot give to his wife that which the law regards as

belonging to his creditors. Hence if his conveyance leaves him with an amount of property insufficient to pay his debts it may be voided at the instance of existing creditors. Quinnipiac Brewing Co. v. Fitz Gibbon (Conn.) 40 Atl. 913; Ruse v. Bromberg (Ala.) 7 So. 384; Keady v. White (Ill.) 48 N. E. 314; Gardner v. Baker, 25 Iowa, 343; Robinson v. Clarke, 76 Me. 493; Myers v. King, 42 Md. 65.

The wife's knowledge of the insolvency of her husband may be inferred from circumstances. Zimmerman v. Heinrichs, 43 Iowa, 260; Graham Grocery Co. v. Chase (W. Va.) 84 S. E. 785.

Wife need not be a party to fraud of her husband. She may be entirely ignorant of the effect of the conveyance upon her husband's creditors. Mendenhall v. Treadway, 44 Ind. 131; Gwynn v. Sutter (Colo.) 28 Pac. 466.

Where a voluntary conveyance operates as a fraud on creditors it is not necessary to allege or prove fraud on the part of vendee. Richardson v. Richardson (Iowa) 111 N. W. 934.

"The law will treat as null and void as to creditors all fraudulent contrivances to screen the property of a debtor from his creditors. It is not the consideration but the intent with which a conveyance is made that makes it good or bad as against creditors. However valuable the consideration if the conveyance be designed to delay, hinder or defeat creditors it is void." Sheridan v. McCormick, 39 N. D. 641.

"When a well to do farmer joins with his wife in conveying all their real and personal property to their son as a devise to delay and hinder creditors, though continuing to live on the land and farm it in the same manner as before, the transfer in such devise is of no avail." International Harvester Co. v. Hecker, 36 N. D. 95, 161 N. W. 1007.

"If a conveyance must prevent creditors from realizing on their claims against a husband it is presumed to be fraudulent." Glass v. Zutavern (Neb.) 61 N. W. 579; Bent v. Timmons (W. Va.) 2 S. E. 780.

"It is but seldom that positive and direct proof of fraud can be given and in almost every instance it is to be inferred from circumstances including the acts and conduct of the parties." Zimmerman v. Heinrichs, 43 Iowa, 260.

"The mere fact that the husband receives money from his wife where there is no promise to repay the wife does not raise an implied promise

which will support a claim against her husband." Grover etc., Mach. Co. v. Radcliff, 63 Md. 496.

"Conveyances where no debt is clearly established may be voided by creditors." Tylor v. Budd (Iowa) 64 N. W. 679.

"There must be something to show a loan to the husband or that the parties intended to occupy the relation of debtor and creditor." New South Bldg. etc. Asso. v. Reed (Va.) 31 S. E. 514.

"An alleged debt cannot be resurrected solely for the occasion." More v. Orman (Iowa) 8 N. W. 689.

"Where the effect of a conveyance in payment of an alleged loan is to deprive creditors of their opportunity to enforce their claim, the validity of the loan must be established and the transaction will be viewed with suspicion until this is shown." Lyscomb v. Lyon (Neb.) 27 N. W. 731.

"An exemption law will not be construed as retroactive unless the intention that it will so operate is clearly apparent." Gable v. Stephenson (Iowa) 26 N. W. 433.

"Where an exemption has been conferred or the amount of an existing exemption increased subsequent to the contracting of the debt the law in force at the time of the contracting of the debt controls and not that which is in force when the exemption is claimed." Tillotson v. Millard, 7 Minn. 513, 82 Am. Dec. 112; Sundback v. Griffith (S. D.) 63 N. W. 544; Jackson v. Creighton (Neb.) 45 N. W. 638.

## Statement.

Bronson, Ch. J. This is an action to set aside a deed as fraudulent and to subject land to the lien of a judgment. Defendant has appealed from a judgment in plaintiff's favor and has demanded a trial de novo upon appeal. The facts are: Plaintiff is a banking corporation at Anselm, North Dakota. Defendants, husband and wife, are farmers. In 1914 the husband purchased a quarter section of land in Ransom county. Since that time he and his wife have resided upon and farmed this land. In 1919 the husband received a deed for this land and gave a mortgage for $2,000. the balance of the purchase price. In June, 1921, the husband, with three other parties, made three notes, due on demand, to plaintiff aggregating $6,200. These notes were given for

an elevator purchased for a company of which the makers were directors. On November 12th, 1921, defendant gave to his wife a deed of this land for a recited consideration of $1 and love and affection. In December, 1921, plaintiff commenced an action upon the notes against the makers. On May 25th, 1922, judgment was entered against such makers for about $6,900. In October, 1922, execution was issued on this judgment and levy made on certain grain, cattle, horses, wagons, farm machinery and a tractor. The husband made his claim of exemptions and the wife asserted a third party claim to some of the cows taken under the levy. In November, 1922, the levy was released and the execution returned unsatisfied. On January 30th, 1923, a second execution was issued and a levy made upon certain property including the land conveyed by the husband to the wife. Sale upon execution was had but such sale was abandoned on the day of sale for want of bidders and the execution returned wholly unsatisfied. The complaint alleges that a third execution was issued on March 20th, 1923, and notice of levy made upon the land conveyed by the husband to the wife and that the same is now an outstanding unsatisfied execution upon such land. The record, however, does not show the issuance of such execution or the levy made thereunder. In March, 1923, this action was instituted. The complaint alleges that the land conveyed is worth in excess of $8,500. The husband interposed no answer and made no appearance. The answer of the wife alleges that the land is not worth more than $5,000, and that the same constitutes the homestead.

At the trial, plaintiff adduced some evidence that this land (160 acres) was worth $40 per acre; that plaintiff paid $32 per acre for this land, and that in 1921 when the husband was an assessor, this land was assessed for $8,000 by him; also some evidence to the effect that at a meeting of the directors of this elevator held after the judgment was rendered in May, 1922, the husband, during some argument that arose concerning the suit upon the note, stated that he transferred this land to head off one Slavens. The husband denied any such statement. The husband and wife testified to the effect that $950 was paid when the land was purchased, of which amount the wife furnished about $500; that the wife had worked in farming operations, in the fields, throughout the years and he had promised to deed the land to

her; that previously he had been sick, and so he did deed the land to her. The husband testified to the effect that the cultivated land (about 100 acres) was worth about $20 per acre and the pasture land about $15 per acre. Other testimony was offered to the effect that some of this land was light soil; some of it pasture land; some of it timber land; that the cultivated land was worth from $30 to $35 per acre and the other about $20 per acre.

The trial court found that the deed was made with intent to cheat, hinder, defraud and delay creditors; that the deed was a voluntary transfer made without consideration and that the land was worth at the time of the transfer $6,000; that through the transfer the husband became insolvent. As conclusions the court determined that the deed was fraudulent and should be set aside; that plaintiff was entitled to subject the land to the lien of its judgment, subject to the homestead rights of defendants; that in determining such homestead rights the lien of its mortgage for $2,000 should not be added to the exemption of $5,000 allowed by law. Pursuant to such findings, judgment was entered.

## Decision.

It is evident that ever since 1914 the land has been the homestead of the defendants. The lien of the judgment did not attach to this homestead. The conveyance of this homestead by the husband to his wife was not a fraudulent act. In McKillip v. Farmers' State Bank, 29 N. D. 541, 545, 151 N. W. 287, Ann. Cas. 1917C, 993, this court stated,—"The courts have repeatedly held that it is not a fraudulent act for a debtor to transfer to his wife or daughter exempt property to which his creditors could not have looked for the satisfaction of their claims. . . . A debtor, in the disposition of his property, can commit a fraud upon his creditor only by disposing of such of his property as the creditor has a legal right to look to for his pay,—Hixon v. George, 18 Kan. 253." In Olson v. O'Connor, 9 N. D. 504, 510, 81 Am. St. Rep. 595, 84 N. W. 359, this court said,—"It was property (the homestead) to which the lien of the judgment did not attach, and was beyond the reach of an execution issued thereon. It was not possible to defraud his creditors by transferring the title to his wife, for

it was property to which they could not look for the collection of the claims. For these reasons, even in a proper case the transfer was not subject to attack. See also Dalrymple v. Security Improv. Co. 11 N. D. 65, 88 N. W. 1033; 27 C. J. 441.

It follows, therefore, that the only right which the plaintiff, as a creditor, possessed was the right to subject such real property of the husband, as debtor, which was not included within the homestead exemption. The homestead allowed by law for farm property is 160 acres in area, and not to exceed $5,000 in value. Comp. Laws 1913, § 5605.

Accordingly, in the case at bar, the land involved (not exceeding 160 acres in area) was not subject to plaintiff's judgment unless its value exceeded the sum of $5,000. In ascertaining the value of the homestead the rule has been (applicable in this case) that existing mortgages should not be deducted. Calmer v. Calmer, 15 N. D. 120, 127, 106 N. W. 684; First Nat. Bank v. Hallquist, 48 N. D. 263, 265, 184 N. W. 269. This rule has now been changed by statute. Laws 1923, chap. 229.

Hence, plaintiff possessed a cause of action only in the event that the land involved exceeded in value the sum of $5,000 and then only to the extent of attacking the conveyance made as fraudulent concerning such excess over $5,000.

The trial court erred in determining that the deed covering the land in its entirety was made to defraud creditors and in setting the same aside in its entirety. The theory pursued by the trial court did not require a careful weighing of the evidence of intent to delay or defraud creditors in violation of the statute, § 7220, Comp. Laws 1913. This evidence is meagre, uncertain and dependent considerably upon inferences, and we think it should be carefully weighed by the trial court in the light of the burden which rests upon the plaintiff to establish illegal intent with reference to the excess. N. D. Comp. Laws 1913, § 7223.

We are of the opinion that, under the circumstances, it is proper to remand this cause to the trial court for further proceedings.

As above indicated, we are of the opinion that plaintiff has a cause of action only in the event that the land conveyed is actually worth more than $5,000 and, then, that its cause of action must be limited to

the right to set aside the deed, if made with illegal intent, concerning such portion of the land conveyed as may be nonexempt.

The statute sets forth a method of appraisal for purposes of ascertaining the value of property of a homestead character. Comp. Laws 1913, §§ 5611–5617. For purposes of orderly procedure we suggest to the trial court the propriety of following this statutory method as preliminary proceedings in this cause and as indicated in Severtson v. Peoples, 28 N. D. 372, 388, 148 N. W. 1054. The judgment is vacated and the cause remanded to the trial court for further proceedings and a new trial consonant with this opinion. Costs will abide the event.

CHRISTIANSON, JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.