CARL STRAMPHER, Respondent, v. CHRIST O. HUPE and Edwin A. Hupe.
EDWIN A. HUPE, Appellant.

(236 N. W. 247.)

Opinion filed April 15, 1931. Rehearing denied April 25, 1931.

*P. B. Garberg* and *Morrison & Skaug,* for appellant.
*Jacobsen & Murray,* for respondent.

CHRISTIANSON, Ch. J. This is an action to set aside a deed as fraudulent and to have the land conveyed thereby adjudged to be subject to the lien of a certain judgment. The trial court found that the deed was made with intent to defraud and cheat the creditors of the grantor and especially with intent to cheat and defraud the plaintiff and directed that judgment be entered in favor of the plaintiff annulling the deed, and decreeing that the judgment which the plaintiff had obtained against the grantor is a valid lien upon the premises. The defendant Edwin A. Hupe has appealed and demands a trial anew in this court.

The following facts are undisputed: the defendant Christ O. Hupe is the father of the defendant Edwin A. Hupe. The tract of land involved in this action was acquired by the defendant Christ O. Hupe under the Homestead Laws of the United States of America, patent being issued to him, September 26, 1917. On January 20, 1922, Christ O. Hupe and his wife executed and delivered to their son, the defendant Edwin A. Hupe, a warranty deed for such premises, which deed was duly recorded in the office of the register of deeds in Sioux county on January 30, 1922. The plaintiff Carl Strampher, on October 15, 1921, entered into a written contract with the defendant Christ O. Hupe whereby said plaintiff agreed to farm the premises for the farming season of 1922 upon the "crop-share" plan. Sometime after the execution and delivery of the deed the plaintiff Strampher instituted an action against Christ O. Hupe for an alleged breach of the farm contract, claiming to have sustained damages on account of not being permitted to farm the premises during the farming season of 1922. On January 16, 1927, the plaintiff Strampher obtained a judgment in such action in the district court of Sioux County against said Christ O. Hupe for the sum of $370.30. The purpose of this action is to set aside the warranty deed executed and delivered by Christ O. Hupe and his wife to Edwin A. Hupe on January 20, 1922, on the ground that it is fraudulent, and to have the judgment rendered in favor of the plaintiff Carl Strampher on January 16, 1927, against Christ O. Hupe declared to be a lien upon such real property.

Aside from the undisputed facts there is evidence in the record substantially as follows: The defendant Edwin A. Hupe being called for cross-examination under the statute, testified that the warranty deed

was transmitted to him by mail to Spokane, Washington, where he was then employed; that at the time he received the deed he had not seen his father since 1919 but had corresponded with him; that he (Edwin A. Hupe) paid $2,000 for the land and certain personal property. In his testimony Edwin A. Hupe detailed the mode of payment. There is further evidence to the effect that some disagreement arose between the plaintiff Strampher and Christ O. Hupe; and it is the claim of the plaintiff that Christ O. Hupe conveyed the land to his son Edwin A. Hupe because of such disagreement and in anticipation that litigation might result therefrom. It is the further claim of the plaintiff that the testimony of Edwin A. Hupe to the effect that he purchased the land and paid $2,000 therefor is untrue; that in fact there was no sale of the land and that Edwin A. Hupe made no payment whatsoever but that there was merely a paper transfer for the purpose of defrauding the plaintiff.

The plaintiff further adduced evidence to show that the defendant Christ O. Hupe leased the land for the farming season of 1924 to one Emmons; that in August, 1924, said Christ O. Hupe swore to a criminal complaint charging said Emmons with embezzlement of a certain portion of the crop raised on the land in 1924 and that in such complaint it was stated that Christ O. Hupe was the owner of such crop. Evidence was also adduced on the part of the plaintiff showing that in the years of 1925–27–28 and 29, Christ O. Hupe, as alleged owner, signed certain affidavits listing the land for hail insurance. The plaintiff further offered in evidence the records in the offices of the county auditor and county treasurer of Sioux county showing that the lands were assessed in the name of Christ O. Hupe as owner during the years in question and that the tax receipts had been issued in his name. The plaintiff further adduced in evidence an execution issued upon the judgment obtained by the plaintiff Strampher against Christ O. Hupe with the sheriff's return thereon of "No Property Found."

The defendant Edwin A. Hupe testified that he purchased the land from his father and paid therefor; that he authorized his father to look after the property while he was away from it and that the leases and other documents were in reality signed by the father as his agent. The defendant Edwin A. Hupe further testified that when he left his parents' home in 1919 they were living on the land in question and

making it their home and that when he returned in February, 1922, they were still living in the house on the land.

In the circumstances of this case we are not concerned with the alleged badges of fraud. It is clear that the deed passed title to Edwin A. Hupe, and that since January 30, 1922, he has been the record owner of the fee title. If the conveyance was in fraud of creditors it can be assailed only by creditors who were defrauded thereby; it is valid as to all other parties. 27 C. J. p. 470. To render the conveyance fraudulent and void as against creditors "the fraud must have existed at the very time the transfer was made; and if the conveyance was not then fraudulent it cannot be rendered so by a fraudulent intent existing either before or after that time, or by the prior or subsequent conduct of the parties." 27 C. J. pp. 466, 467.

The trial court found that "shortly prior to the entry and docketing of said judgment" the defendant Christ O. Hupe, without receiving any consideration, executed and delivered the deed to his son Edwin A. Hupe for the sole purpose of cheating and defrauding his creditors and especially the plaintiff. The trial court further found that Christ O. Hupe and his wife abandoned the premises before January 20, 1922 (the day the deed was executed) and that they moved to the state of Washington and established their residence there.

We find no substantial evidence in the record to sustain either of these findings. The property was not deeded to the defendant Edwin A. Hupe shortly before the recovery of the judgment. On the contrary, the deed was executed and recorded more than five years prior to the rendition of the judgment. It is undisputed that the deed was executed before any action had been instituted by the plaintiff against Christ O. Hupe; in fact before any cause of action could have existed. (27 C. J. 472, 796). Neither do we find any evidence in the record to justify the finding that Christ O. Hupe and his wife abandoned the land before the execution and delivery of the deed. It is true they are now residing in the state of Washington, but there is no evidence to the effect that they moved to Washington, or had any intention to do so, prior to January 20, 1922. Edwin A. Hupe testified that his parents were living on the land when he left them in 1919 and that they were living there when he returned in February, 1922 after the deed had been executed and recorded. So far as the evidence discloses

anything at all upon the subject, it shows that at the time the deed was executed and delivered the land was the homestead of Christ O. Hupe and his wife. Certainly the evidence does not establish any abandonment of the homestead. Grotberg v. First Nat. Bank, 54 N. D. 548, 210 N. W. 21; Hazlett v. Mathieu, 57 N. D. 57, 220 N. W. 647.

It is the claim of the plaintiff, however, that the evidence tending to show that the land was the homestead of Christ O. Hupe and his wife must be disregarded for the reason that there were no allegations in the answer setting forth the homestead character of the premises. In short, it is the contention of the plaintiff that the defendants were required to plead specially that the premises were a homestead; and, that, having failed to do so they are not now in a position to assert that at the time of the conveyance the premises were a homestead. We do not agree with these contentions. This is not a case where a judgment debtor claims certain property to be exempt from an attachment or execution on the ground that it is his homestead. In this case plaintiff's right of action is predicated solely upon the alleged fact that a certain tract of land was transferred by plaintiff's debtor in fraud of creditors. It is elementary that in such case the plaintiff has the burden of establishing the alleged fraudulent transfer by clear and convincing proof. McKillip v. Farmers' State Bank, 29 N. D. 541, 151 N. W. 287, Ann. Cas. 1917C, 993; Bernauer v. McCaull-Webster Elevator Co. 41. N. D. 561, 171 N. W. 282; Merchants Nat. Bank v. Armstrong, 54 N. D. 35, 208 N. W. 847; 12 R. C. L. pp. 666, 671. See also Kvello v. Taylor, 5 N. D. 76, 63 N. W. 889; First Nat. Bank v. Mensing, 46 N. D. 184, 180 N. W. 58; Union Nat. Bank v. Person, 48 N. D. 478, 185 N. W. 266; Farmers' State Bank v. Weisenhaus, 50 N. D. 949, 198 N. W. 673; Finch, Van Slyke & McConville v. Styer, 51 N. D. 148, 199 N. W. 444; Murie v. Hartzell, 58 N. D. 200, 225 N. W. 310, 14 Am. Bankr. Rep. N. S. 36.

It is the settled law in this state that creditors cannot be defrauded, hindered or delayed by the transfer of homestead property (Kvello v. Taylor, 5 N. D. 76, 63 N. W. 889; Dalrymple v. Security Loan & T. Co. 9 N. D. 306, 83 N. W. 245; Olson v. O'Connor, 9 N. D. 504, 81 Am. St. Rep. 595, 84 N. W. 359; Dalrymple v. Security Improv. Co. 11 N. D. 65, 88 N. W. 1033; McKillip v. Farmers' State Bank, 29 N. D. 541, 151 N. W. 287, Ann. Cas. 1917C, 993,

supra; Farmers' State Bank v. Weisenhaus, 50 N. D. 949, 198 N. W. 673, supra; Finch, Van Slyke & McConville v. Styer, 51 N. D. 148, 199 N. W. 444, supra; Dakota Trust Co. v. Headland, 57 N. D. 810, 224 N. W. 220. See also Murie v. Hartzell, 58 N. D. 200, 225 N. W. 310, 14 Am. Bankr. Rep. N. S. 36; State Bank v. Munter, 58 N. D. 194, 225 N. W. 313), and that the levy upon, and sale of, property exempt as a homestead is a nullity and conveys no estate or title to the purchaser. Johnson v. Twichell, 13 N. D. 426, 101 N. W. 318; Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684.

"A debtor commits a fraud on creditors only by disposing of such property as the creditor has a legal right to look to for satisfaction of his claim, and, hence, a sale or other disposition of property which is by law absolutely exempt from the payment of the owner's debts cannot be impeached by creditors as in fraud of their rights." Murie v. Hartzell, 58 N. D. 200, 205, 225 N. W. 310, 312, 14 Am. Bankr. Rep. N. S. 36.

"Property exempt from execution is not subject to any claim of the creditor, but is absolutely free from all claims of creditors. No execution or other writ is a lien upon it. The creditor has no claim upon it in any form, and it is impossible to conceive any logical ground upon which property not subject to the claims of creditors can be held to have been fraudulently conveyed. If creditors have no interest in the property, it is inconceivable that they can justly claim that in disposing of it the debtor has been guilty of fraud. The whole doctrine of annulling fraudulent conveyances rests upon the ground that the creditor has the right to resort to the property, and where he has no such right it is impossible that a conveyance can be deemed fraudulent." Blair v. Smith, 114 Ind. 114, 126, 5 Am. St. Rep. 593, 15 N. E. 817, 823.

Inasmuch as the plaintiff, in an action to set aside a conveyance as fraudulent, has the burden of pleading and proving fraud; and, inasmuch as the question whether the land conveyed was or was not exempt as a homestead goes directly to the basic question at issue, namely, whether the transfer was or was not fraudulent, it would seem to follow logically that the defendant in such action may show under a general denial that the premises were exempt as a homestead and that consequently no fraud was committed upon creditors. And, while there

are authorities to the contrary, this is the rule established by the great weight of authority. Hibben v. Soyer, 33 Wis. 319; Stark v. Lamb, 167 Ind. 642, 78 N. E. 668, 79 N. E. 895; Isgrigg v. Pauley, 148 Ind. 436, 47 N. E. 821; Jeffersonville Water Supply Co. v. Riter, 146 Ind. 521, 45 N. E. 697; Hobson v. Noel, 30 Ky. L. Rep. 1, 97 S. W. 388; Deweese v. Deweese, 121 Ky. 747, 90 S. W. 256; Peck v. Peck, 51 S. D. 157, 212 N. W. 872.

In Hibben v. Soyer, 33 Wis. 319, supra, the court said:

"It is said that this defense, that the property was a homestead, was new matter, and could not properly come in under the answer, which was a general denial merely. We cannot see why that defense cannot be made. The foundation of the plaintiff's case is, that the conveyance to the defendant . . . is fraudulent, and that the property should be subjected to the payment of his judgment. This the defendant denies, but asks no affirmative relief. The plaintiff's action is defeated when it appears that the property was a homestead and by law exempt from sale on an execution."

In Isgrigg v. Pauley, 148 Ind. 436, 47 N. E. 821, supra, it is said:

"Where the issue is one of fraud in making a conveyance to defeat creditors, evidence supporting the right to exempt the property conveyed at the time of the conveyance repels the charge of fraud, for it is the right of one to dispose of his property, regardless of creditors, where such property, under the exemption laws, may be freed from the claims of creditors. Here the issue is as to the existence of fraud, and it is not sought to secure an exemption to the debtor of all, or a part, of his property. We think, therefore, that the evidence of the right was admissible to rebut the charges of fraud, without a special plea setting up the right."

The evidence in this case shows without dispute that at the time of the transfer the land did not exceed, either in area or in value, the limits fixed by law for a homestead. Birks v. Globe International Protective Bureau, 56 N. D. 613, 218 N. W. 864. It is also undisputed that the land in question was acquired by Christ O. Hupe under the homestead laws of the United States of America, and that he and his wife continued to occupy it as a home long after they had acquired title thereto. And while Christ O. Hupe and his wife are now residing in the state of Washington we are all agreed that the only inference

reasonably to be drawn from the evidence in the case is that they were living upon the land and making it their home at the time they executed and delivered the deed to their son, Edwin A. Hupe. This being so the transfer is not subject to attack on the ground that it was fraudulent as against creditors of Christ O. Hupe whose claims were not enforcible against his homestead.

The judgment appealed from must be and it is reversed and the district court is directed to enter judgment dismissing the action.

BURKE, BIRDZELL, NUESSLE and BURR, JJ., concur.