Case 93.—ACTION BY CHARLES DEWEES AGAINST D. V.
DEWEESE AND OTHERS TO SET ASIDE A FRAUDULENT
CONVEYANCE IN CONTEMPLATION OF INSOLVENCY.—
January 16.

## Deweese v. Deweese, &c.

Appeal from Barren Circuit Court.

SAMUEL E. JONES Circuit Judge.

Judgment for plaintiff. Defendant. D. V. De-
weese, appeals. Reversed.

1. Homestead—Preferring Creditors—Insolvency—It is well set-
tled that the statute of 1856 does not apply to conveyances
of exempt property for the reason that as this property is
not subject to the payment of debts the creditor can not com-
plain of what the debtor does with it. As it was a home-
stead his right to it was not affected in any way by his tem-
porary absence from it on account of ill health while he still
held possession by a tenant.
2. Pleading—General Denial—Burden of Proof—In an action seek-
ing to subject a homestead to the payment of a debt on
the ground that it had been conveyed in contempla-
tion of insolvency and to prefer one creditor to the ex-
clusion of others, it was unnecessary for the defendant
in his answer to do more than deny the allegations of the
petition. The burden was on the plaintiff to make out his
case and when it was shown that the property conveyed was
exempt from execution, a state of fact was made out which
showed that the conveyance was not within the statute.

DUFF & HUTCHINSON for appellant.

### AUTHORITIES CITED.

1. As to right to homestead. (Stults v. Sale, 92 Ky., 5; Suter
v. Quarles, 22 Ky. Law Rep., 1080.)
2. As to abandonment of homestead. (National L. & B. A., No.
1, of Newport v. Maloney, &c., 1094; Summers v. Sprigg, 18 Ky.
Law Rep., 206; Galloway v. Rowlett, 24 Ky. Law Rep., 2503.)

HATCHETT & JAMES attorneys for appellee.

Deweese v. Deweese, &c.

QUESTIONS CONSIDERED AND AUTHORITIES CITED.

1. The appellant did no more than state a conclusion on his plea of homestead in his original answer, and said plea was not sufficient to authorize the chancellor to find for him on that branch of his defence.

2. The chancellor properly refused to permit the appellant to file an amended answer after the case was tried, seeking to re-open the case and present a new issue; because the same came too late, and was not sworn to, and did not state facts which would have authorized the chancellor to adjudge the appellant entitled to the land in controversy by reason of J. C. Deweese owning it as a homestead.

3. The chancellor properly adjudged the deed made by J. C. Deweese to appellant fraudulent, because the same was for a past consideration and was clearly inadequate.

4. The chancellor properly allowed the appellee's account.

AUTHORITIES.

Ky. Stats., secs. 1906 and 1910; Caldwell v. Truesdell, 11 Ky. Law Rep., 726; Smith v. Mattingly, 11 Ky. Law Rep., 975; Carter, &c. v. Goodman, 11 Bush, 228; Hall v. McGlocklin, 6 Ky. Law Rep., 661; Crush v. Sewart, 7 Ky. Law Rep., 825; Brady v. Briscoe, 2 J. J. M., 213; Dohony v. Dohony, 7 Bush, 217; Hawkins v. Moffit, 10 B. M., 82; Easum v. Pirtle, 5 Ky. Law Rep., 572; Curan v. Culf, 13 Ky. Law Rep., 84; Mullins v. Clark, 13 Ky. Law Rep., 29.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

Appellee Charles Deweese brought this action in equity against D. V. Deweese and the representatives of John C. Deweese, alleging a debt of $109 from John C. Deweese to him, and also alleging that, in contemplation of insolvency and with the design of preferring D. V. Deweese to his other creditors, John C. Deweese on November 12, 1902, conveyed a certain tract of land to D. V. Deweese, in consideration of $180 and the agreement of D. V. Deweese to take care of him as long as he lived. D. V. Deweese, by his answer, aptly denied the allegations of the petition. Proof was taken, and on final hearing the circuit

court entered judgment in favor of the plaintiff as prayed in the petition. From this judgment said defendant appeals.

The proof shows that John C. Deweese owned the land in controversy and resided on it with his wife as his homestead; that it was worth about $700; that his wife died in July, 1902, and after his wife's death he went to live with his son, D. V. Deweese, and after going to his house made him the deed in question; that D. V. Deweese paid $180 for the land and agreed to take care of him as long as he lived, and did this, paying his burial expenses and doctor's bills; that John C. Deweese was about eighty years of age, and had a paralytic stroke about eighteen months before his wife died, which rendered him incapable of living alone; and that the transaction between him and his son was made in good faith, although he only lived a short time after the deed was made. While a debtor may not prefer one creditor to another in contemplation of insolvency, and his effort to do so under the act of 1856 will operate as a transfer of all his property for the benefit of his creditors, it is well settled that the statute does not apply to conveyances of exempt property, for the reason that, as this property is not subject to the payment of debts, the creditor can not complain of what the debtor does with it. (Fuqua v. Ferrell, 80 Ky., 71, 3 Ky. Law Rep., 571; Baker v. Kinnaird, 94 Ky., 5, 14 Ky. Law Rep., 695, 21 S. W., 237.) The land being of value less than $1,000, and being the homestead of the debtor, he had a right to do as he pleased with it. As it was a homestead, his right to it was not affected by the fact that his wife died, leaving him without any family. (Stults v. Sale, 92 Ky., 5, 13 Ky. Law Rep., 337, 17 S. W., 148, 13 L. R. A., 743, 36 Am. St.

Rep., 575; Suter v. Quarles, 58 S. W., 990, 22 Ky. Law Rep., 1080. Nor was his right to the homestead affected in any way by his temporary absence from it on account of ill health while he still held possession by a tenant. (Galloway v. Rowlett, 74 S. W., 260, 24 Ky. Law Rep., 2503.)

It was unnecessary for the defendant in his answer to do more than deny the allegations of the petition. Under the general denial of the allegations of the petition he could prove facts showing that the deed was not made fraudulently in contemplation of insolvency and with a design to prefer one creditor to another. The answer putting in issue the allegations of the petition, the burden was on the plaintiff to make out his case; and, when it was shown that the property conveyed was exempt from execution, a state of fact was made out which showed that the conveyance was not within the statute. The rule is that it is unnecessary to plead evidence. It was, therefore, unnecessary for the defendant to amend his answer. The proof which he made was competent under the general issue to show that the deed was not a fraud on the other creditors, and was, therefore, not within the statute.

Judgment reversed, and cause remanded, with directions to dismiss the petition as to the tract of land in controversy and the conveyance in question.

Petition by appellee for modification of opinion overruled.