KEIM, Respondent, v. RAND et ux, Appellants.

(158 N. W. 904.)

(File No. 3884. Opinion filed July 29, 1916. Rehearing denied November 29, 1916.)

**1. Homestead, Excess - Value Over Exemption—Lien of Judgment, Docketing, Effect—Conveyance.**

The docketing of a judgment against a debtor whose homestead was of value in excess of $5,000, creates a lien upon the land to the extent of the value thereof above the statutory homestead limitation in value; and a conveyance by the debtor husband, to the wife, subsequent to the docketing of the judgment, is subject to, and is not free from, the lien of the judgment. So **held**, construing Pol. Code, Sec. 3215.

**2. Same—Judgment—Transfer by Debtor, Immateriality of—Wife's Equity.**

Where the docketing of a judgment against a debtor creates a lien upon his homestead to the extent of its value in excess of the statutory exemption, the question whether debtor's subsequent deed of the land to his wife was intended to hinder, delay and defraud creditors was immaterial, unless the wife had prior equities in the land antedating the judgment lien.

**3. Same—Exemptions—Judgment Lien—Prior Mortgage, Who Should Pay?—Extension of Judgment Lien.**

Where a docketed judgment, creating a lien upon a homestead as to the excess in value thereof above the $5,000 exemption, is subject to a prior mortgage, **held**, that the debtor, in claiming his exemptions under an execution sale upon the judgment, is not bound to pay the amount of the mortgage, as part of the $5,000 exemption, but the debtor mortgagor is entitled, as against subsequent judgment creditors, to the statutory exemption over and above the amount of the mortgage lien. So **held**, construing Code Civ. Pro., Sec. 345, Subds. 7 & 8, providing for payment of $5,000 to debtor where there is a surplus above the statutory homestead valuation. **Held**, further, that, there being nothing to show that the mortgage was given in fraud of creditors, said judgment creditor can enforce his lien only upon the value of the property in excess of the total of the mortgage plus a $5,000 homestead exemption.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action in the nature of a creditor's bill in aid of execution, by Edwin Keim, against C. W. Rand, and wife. From a judg-

ment for plaintiff, and from an order denying a new trial, defendants appeal.  Modified, and affirmed.

A. W. Wilmarth, for Appellants.

W. A. Lynch, for Respondent.

(1)  To point one of the opinion, Appellants cited:  Kaser v. Haas, 27 Minn. 406; Seamans v. Carter, 15 Wis. 549, 82 Am. Dec. 696; Dopp v. Albee, 17 Wis. 609; Goodell v. Blumer, 41 Wis. 436; Cawer v. Lassallette, 57 Wis. 232; Cantrell v. Fowler, 24 S. Car. ——; Nichols Shepard Co. v. Cunningham, 16 S. D. 475; Vanstory v. Thornton, 34 Am. St. R.; (Note at 496); 2nd Freeman on Judgments, Sec. 355; Thompson on Homestead and Exemptions, Secs. 398, 399; Freeman on Execution, Sec. 249; Traders Nat. Bank v. Schorr, 20 Wash. 1, 72 Am. St. R. 17.

(3)  To point three of the opinion, Respondent cited:  Code Civ. Proc., Sec. 344; Brown v. Star et al., 24 Pac. 973; In re Herberts Estate, 54 Pac. 109; Calmar v. Calmar, 106 N. W. R. 684.

McCOY, J.  Action in nature of creditor's bill in aid of execution.  Findings and judgment in favor of plaintiff, and defendants appeal.  The following facts seem to be conceded by all parties:  On the 28th day of January, 1910, plaintiff recovered a judgment against the defendant C. W. Rand in the circuit court for Beadle county for the sum of $1,863.10, and which judgment was duly docketed on the 29th day of January, 1910.  At the time of the rendition and docketing of said judgment of the defendant, C. W. Rand was the fee owner and in possession of the N. E. ¼ of section 26-110-62, located in Beadle county, consisting of 160 acres, against which there then was and now is a mortgage lien incumbrance of $2,000, and which land then was, and ever since has been, occupied by defendants, C. W. Rand and his wife, Maggie E. Rand, as their homestead exemption under the homestead exemption laws of this state.  On the 12th day of March, 1910, the defendant C. W. Rand conveyed said land by deed to his wife, Maggie E. Rand, for the purported consideration of $1. Thereafter, in 1913, plaintiff, under and by virtue of said judgment, caused an execution to be issued and levied on said land, and brought this suit in the nature of a creditor's bill in aid of execution, alleging the facts hereinbefore stated, and also claiming and alleging that the deed and conveyance of said land from

defendant C. W. Rand to his wife, Maggie E. Rand, was fraudulent and without consideration and intended to hinder and delay the creditors of said C. W. Rand, especially this plaintiff; that the said land, although the homestead exemption of said defendants, was of the value of $9,600, according to appraisement thereof; and plaintiff prayed judgment that said deed to Maggie E. Rand be vacated and held void, and that plaintiff's judgment be established as a lien on said premises to the extent of the amount of its value over and above $5,000, and that such excess value be applied to the satisfaction of plaintiff's said judgment. On the trial of said cause the court, among other things, found that plaintiff's said judgment was unpaid, and that there was then due and unpaid thereon the sum of $2,395.63; that the said deed and conveyance from C. W. Rand to Maggie E. Rand was without any consideration whatever, and was made with intent to hinder, delay, and defraud the creditors of C. W. Rand, and particularly the plaintiff; that said land was then of the value of $8,800. Judgment was accordingly rendered as prayed for by plaintiff. From this judgment and the order denying a new trial the defendants appeal.

[1, 2] One of the contentions of appellant is that the docketing of plaintiff's judgment on January 29, 1910, did not constitute or create a lien on the said lands, by reason of the fact that said land was then a homestead exemption, and not the subject of a judgment lien, and by reason thereof the conveyance to Maggie E. Rand was valid and conveyed to her the title and interest of C. W. Rand free from said judgment or any lien thereof. We are of the opinion this contention of appellant is not tenable under the circumstances of this case. Ordinarily, were there has been no abandonment or extinguishment of the homestead exemption, and where the value of such homestead property is $5,000 or less, such a conveyance would transfer the title and interest of the judgment debtor free and clear from any judgment lien docketed against such owner; but, under circumstances like those of this case, where the homestead property is of value in excess of $5,000, the docketing of a judgment against the owner thereof became a lien upon such land to the extent of the value thereof over and above the statutory homestead limitation of $5,000. This is the clear effect of the language of section

3215, Pol. Code, which says that to the "extent of five thousand dollars" such homestead "shall be exempt from judgment lien." This language clearly implies that over the extent and limitation of $5,000 such homestead shall not be exempt from judgment lien. Therefore we are of the view that the judgment lien attached to the land in question on the 29th day of January, 1910, subject, however, to the $5,000 exemption right, and also subject to the $2,000 prior mortgage theron. Under this view as to the effect of the docketing of said judgment it was immaterial whether or not the said deed and conveyance to Mrs. Rand was intended to hinder, delay, and defraud creditors, unless Mrs. Rand had prior equities in this land antedating the judgment lien, in which case the finding that the transaction as between Mr. and Mrs. Rand was fraudulent becomes operative and would deprive her of such prior equities. We are of the view that this finding of the trial court is sustained by sufficient evidence.

[3] It is the contention of respondent, and the learned trial court so held, that the $2,000 mortgage should be paid by appellants and taken out of the $5,000 exemption, thereby leaving subject to respondent's judgment lien the whole of the surplus value of said land over and above the sum of $5,000; in other words, that the $2,000 incumbrance should be a part of the $5,000 exemption. We are of the view that this contention is not well grounded. We are inclined to follow the rule in Hoy v. Anderson, 39 Neb. 386, 58 N. W. 125, 42 Am. St. Rep. 591, holding that where a valid mortgage upon the homestead remains unpaid, the mortgagor is entitled, as against subsequent judgment creditors, to the statutory exemption over and above the amount of the mortgage lien. This construction is in line with the liberal rule which obtains in the interpretation of exemption laws. This view is also in line with subdivisions 7 and 8 of section 345, Code of Civil Procedure, which provide for the payment of $5,000 . to the debtor where there is a surplus over and above the statutory homestead valuation limit. We are not unmindful of the fact that there might be cases where, from the fraudulent or other acts of the debtor, he might be estopped from claiming the exemption over and above the incumbrance, but there is nothing of that kind in this case. The mortgage incumbrance was placed on this land prior to the rendition of respondent's judg-

ment, and there is nothing tending to show that said mortgage debt was incurred in view of the event of such judgment.

On account of the mortgage indebtedness covering the entire homestead property, we are of the view that one portion thereof could not be set off to appellants as a homestead and another portion be sold to apply on plaintiff's judgment, but, in the event of appellants' failure to pay to plaintiff the surplus value of said land over and above the $5,000 exemption and the amount due on the $2,000 mortgage, that said land may be sold under plaintiff's judgment execution, and that appellants be paid the sum of $5,000, and that the purchaser at such sale take title subject to the payment by him of the amount due on the said mortgage indebtedness. All assignments of error have been fully considered, and no errors appear therein otherwise than as heretofore mentioned.

The judgment appealed from may be modified to conform to this decision, and, as so modified, the judgment and order appealed from are affirmed.