PECK, Appellant, v. PECK, Defendant (Farmers & Merchants Bank, Respondent).

(212 N. W. 872.)

(File No. 6093.    Opinion filed April 1, 1927.)

1. **Fraudulent Conveyances—Homestead—Where Grantee, Under General Denial of Grantor's Alleged Fraudulent Conveyance, Proved Premises Were Grantor's Homestead, Refusal to Find Premises Constituted Homestead Held Error, Though Value Was Not Shown (Rev. Code 1919, §§ 449, 2658).**

   Refusal of court to find that premises alleged to have been conveyed in fraud of creditors constituted homestead of grantor held error, where, under general denial, proof of homestead character under Rev. Code 1919, § 449, was established, though grantee did not show homestead was of value of less than $5,000 exemption over and above incumbrances, under section 2658.

2. **Fraudulent Conveyances — Exemptions — Conveyance of Exempt Property Cannot Be Fraudulent As To Creditors.**

   Conveyance of exempt property cannot be fraudulent as concerns creditors, since it conveys property which creditors would not in any case be able to reach.

3. **Fraudulent Conveyances—Homestead—Pleading—That Premises Alleged To Have Been Conveyed In Fraud Of Creditors Were Grantor's Homestead Could Be Shown Under General Denial.**

   Where defendant, sued for cancellation of mortgage, asserted counterclaim that conveyance to mortgagor was in fraud of grantor's creditors, plaintiff could establish homestead character of premises under general denial, as proof of homestead character went to disproving element of fraud.

4. **Fraudulent Conveyances—One Alleging Fraudulent Conveyances Required To Prove Property Conveyed Was Of Value Exceeding $5,000 Over Incumbrances, Where Grantee Established Its Character As Grantor's Homestead (Rev. Code 1919, §§ 449, 2658).**

   Where creditor asserted that conveyance was fraudulent, creditor was required to show premises were valued at over

$5,000 over and above incumbrances, after grantee had established their character as homestead; value of homestead in excess of $5,000 being subject to creditors' claims under Rev. Code 1919 §§ 449, 2658.

5. Evidence—Burden Of Proof—Burden Of Proof Rests Throughout With Party Tendering Affirmative Of Issue, Though Duty Of Advancing With Testimony May Shift.

Where party tenders affirmative of issue, burden of proving such issue remains with him throughout, though duty of advancing with testimony may shift at stages of proceeding.

6. Fraudulent Conveyances—Creditor Alleging Conveyance Was Fraudulent Had Burden Of Proving Fraud Throughout.

Creditor alleging conveyance was fraudulent had burden of proving fraudulent conveyance throughout, though duty of advancing with testimony shifted.

7. Evidence—Where Party Having Burden Of Proof Makes Prima Facie Case, Opponent Must Advance With Testimony To Avoid Other's Recovery.

Where party having burden to prove affirmative of issue establishes prima facie case, duty of advancing with testimony shifts to other party, in order to avoid opponent's recovery, though burden of proof remains as before.

8. Appeal And Error—On Court's Finding In Favor Of Party Having Burden Of Proof, It Is Assumed, In Absence Of Evidence, Opponent Was Unable To Controvert Prima Facie Case.

Where record is insufficient to review evidence upon which finding is based in favor of party having burden of proof, it is assumed opponent was unable successfully to controvert prima facie case.

9. Homestead—Evidence Held To Establish Prima Facie Homestead Character Of Premises Alleged To Have Been Fraudulently Conveyed.

In action to set aside conveyance as fraudulent as to creditors, evidence held sufficient to establish prima facie homestead character of premises conveyed.

10. Homestead—Value Of Homestead Is Not Limited Except That Excess Of Value Over Incumbrances, Plus $5,000, Is Subject To Claims Of Creditors (Rev. Code 1919, §§ 449, 2658).

Value of homestead is not limited, except that, if homestead is worth more than $5,000 over and above incumbrances, excess in value may be reached by execution creditors under Rev. Code 1919, § 449, 2658.

11. Fraudulent Conveyances—No Presumption Arose That Homestead Had Excess Value Over Incumbrances And Exemption, Subject To Creditors' Claims (Rev. Code 1919, §§ 2658).

No presumption arose that property constituting homestead, alleged to have been conveyed in fraud of creditors, was worth more than $5,000 over and above incumbrances, having excess in value not exempt from creditors under Rev. Code 1919, § 2658.

12. **Fraudulent Conveyances—Exemptions—Whether Homestead Is Entirely Exempt Is Question Of Fact, Depending On Value (Rev. Code 1919, § 2658).**

Whether homestead is entirely exempt as against creditors is question of fact, depending on value under Rev. Code 1919, § 2658, to be established by evidence without aid of presumptions.

13. **Evidence—Duty Of Advancing With Testimony Depends On Pleadings, Issues, And Burden Of Proof.**

Duty of advancing with testimony depends on pleadings, issues, and question of where burden of proof rests.

---

Note.—See, Headnote (1), American KKey-Numbered, Fraudulent conveyances, Key.-No. 310, 27 C. J. Sec. 805 (Anno); (2) Fraudulent conveyances, Key-No. 51(1), 27 C. J. Secs. 62, 66; (3) Fraudulent conveyances, Key-No. 269(1), 27 C. J. Sec. 698; (4) Fraudulent conveyances, Key-No. 284, 27 C. J. Sec. 723; (5) Evidence, Key-No. 94, 22 C. J. Secs. 14, 21; (6) Fraudulent conveyances, Key-No. 271(2), 27 C. J. Sec. 712; (7) Evidence, Key-No. 94, 22 C. J. Sec. 21; (8) Appeal and error, Key-No. 931(1), 4 C. J. Sec. 2727; (9) Homestead, Key-No. 57(3), 29 C. J. Sec. 89; (10) Homestead, Key-No. 66, 29 C. J. Sec. 98; (11) Fraudulent conveyances, Key-No. 284, 27 C. J. Sec. 723 (Anno); (12) Fraudulent conveyances, Key-No. 308(1), 27 C. J. Sec. 785 (Anno); (13) Evidence, Key-No. 94, 22 C. J. Sec. 21.

On the question as to whether conveyance of exempt property is fraudulent as to creditors, see 12 R. C. L. 505; 2 R. C. L. Supp. 1437; 4 R. C. L. Supp. 760; 5 R. C. L. Supp. 646; 6 R. C. L. Supp. 710.

Burden of proof on creditor attacking conveyance as fraudulent, see 12 R. C. L. 666; 2 R. C. L. Supp. 1467; 6 R. C. L. Supp. 717.

Appeal from Circuit Court, Beadle County; Hon. M. Moriarty, Judge.

Suit by Anna Haffner Peck, a minor, by Irvin V. Peck, her guardian ad litem, against Minnie Rose Peck and the Farmers' & Merchants' Bank, in which the defendant last named interposed a counterclaim. From a judgment for the defendant last named, and from an order denying plaintiff's motion for new trial, plaintiff appeals. Reversed and remanded.

*Crawford & Crawford,* of Huron, for Appellant.
*Wilmarth, McCoy & McCoy,* of Huron, for Respondent.

CAMPBELL, P. J. In September, 1921, Minnie Rose Peck (formerly Minnie Rose Haffner) was the owner of a quarter section of land in Beadle county, S. D., and on that date she and her husband joined in a warranty deed conveying said quarter section to the plaintiff, then Anna Haffner, an infant child of the defendant Minnie Rose Peck by a former marriage. This conveyance was duly recorded in the office of the register of deeds of Beadle county on October 1, 1921. At that time the defendant Minnie Rose Peck had resided on the real estate in question since 1894, and was still living thereon, claiming the same as her homestead, and the real estate was incumbered by a mortgage in the principal sum of $6,000, which continued unpaid down to the time of this action.

After the execution, delivery, and recording of the conveyance above referred to, and on January 1, 1922, there was executed and delivered to the defendant and respondent Farmers' & Merchants' Bank an instrument purporting to mortgage the real estate in question to said Farmers' & Merchants' Bank for the principal sum of $4,000, payable January 21, 1924, with interest at 9 per cent per annum from date. This purported second mortgage was signed by the said Minnie Rose Peck, defendant, and by her husband, O. M. Peck, and by the infant plaintiff, then Anna Haffner, and then less than 15 years of age. This instrument, purporting to create a second mortgage on the premises subject to the lien of the first mortgage for $6,000, above referred to, was recorded on January 30, 1922. The note thereby secured was not signed by Anna Haffner, but by Minnie Rose Peck and her husband only. There is no claim that Anna Haffner was, or became, indebted to the defendant-respondent bank at the time of the execution and delivery of said purported second mortgage, and any consideration therefor appears to have moved between the mortgagee bank and the defendant Minnie Rose Peck. Just what such consideration may have been in fact is not entirely clear from the record, but it is claimed by defendant-respondent bank to have consisted of approximately $1,100 then by it advanced to the said Minnie Rose Peck, and approximately $2,900 of antecedent indebtedness, but whether such antecedent indebtedness was an indebtedness of Minnie Rose Peck or of some of her sons or other persons does not fully appear.

Thereafter, and during the continuance of the minority of the plaintiff Anna Haffner, she married one Irvin V. Peck, who was appointed her guardian ad litem, and instituted the present action, setting up her ownership of the premises and her minority, disaffirming the purported second mortgage, alleging that she received no consideration of any kind therefor, and signed the same because her mother told her it was necessary so to do, upon which statement she relied, and praying that said mortgage and the record thereof be adjudged to be void.

To this complaint defendant-respondent bank interposed an answer, setting up by way of counterclaim that on and prior to September 24, 1921, the defendant Minnie Rose Peck was indebted to the defendant respondent bank in a sum in excess of $4,600, and was insolvent, and that, for the purpose of delaying, hindering, and defrauding her creditors, she then made a pretended conveyance of the real estate in question to her daughter, Anna, the plaintiff, and praying that said pretended conveyance (being the deed under which the plaintiff, Anna, claims title to the premises in question) be adjudged and decreed to be a fraudulent conveyance, and void. To this answer and counterclaim the plaintiff by way of reply interposed a general denial.

It is apparent that no serious claim is made by defendant-respondent bank that the signing of the purported second mortgage by plaintiff on January 21, 1922, is binding. The bank bases its claim upon the proposition that the conveyance from defendant Minnie Rose Peck, to her daughter Anna, the plaintiff, on September 24, 1921, was fraudulent as to creditors, and absolutely void, whereby the said Minnie Rose Peck has always continued to be the owner of the real estate in question, making the mortgage thereon executed by herself and husband to the bank in January, 1922, a valid lien. The real issue between the parties, therefore, was whether or not the conveyance from defendant to plaintiff in September, 1921, was void as in fraud of creditors, and the case was tried upon that theory. That issue, it is to be observed, was affirmatively propounded by respondent bank in its counterclaim.

At the conclusion of all the testimony the trial court made findings and conclusions, and entered judgment in favor of the defendant. It is conceded by both parties that no evidence whatever

11—Vol. 51, S. D.

was offered with reference to the value of the real estate in question at the time of the conveyance from the defendant to her daughter, Anna, or at any other time. The findings of the trial court make no mention whatever as to whether the real estate in question was, or was not, a homestead at the time it was conveyed to plaintiff by her mother, or at any other time, but find in substance that the conveyance from mother to daughter in 1921 was without consideration other than love and affection, and that, at the time of making said conveyance, the defendant, Minnie Rose Peck, was insolvent, and owed large sums of money, which she was unable to pay, and that defendant-respondent bank was then, and prior thereto, a creditor of the said Minnie Rose Peck, and that the conveyance was fraudulent, and with the unlawful intent of putting said real estate out of reach of the creditors, and was wholly void, and the judgment of the court was that said deed be adjudged to be void and canceled of record, and that defendant-respondent bank recover its costs. From this judgment and from an order denying her motion for new trial the plaintiff appeals.

The appellant contends that the evidence is insufficient to support the findings of the trial court to the effect that Minnie Rose Peck was insolvent at the time of the conveyance of the premises in question to the plaintiff. We are of the opinion, however, that the record presented in this court is not sufficient to permit a review of the evidence on this point.

[1] Appellant further predicates error upon the refusal of the trial court to make a finding that the premises in question at the time of the conveyance thereof to the plaintiff constituted the homestead of the grantor, and as such were exempt from claims of creditors.

[2] It is to be remembered that the issues really litigated in the court below arose upon the counterclaim of the respondent bank, in reply to which counterclaim appellant had interposed a general denial. The prayer of the counterclaim is to set aside the conveyance from defendant Minnie Rose Peck to appellant upon the ground that the same was absolutely void because it was fraudulent as against creditors. Certainly no conveyance can be fraudulent as against creditors, unless it conveys away from the grantor some property which, but for conveyance, creditors might have reached. The very gist of the fraudulent conveyance consists in

wrongfully and fraudulently depriving the creditors of something. If that element is not present, there can be no fraud, and it cannot be fraudulent as concerns creditors for a debtor to convey exempt property.

[3]   It is the contention of respondent in this connection that the fact that the property conveyed was at the time of conveyance the homestead of the grantor cannot be established under a general denial.   It is to be observed that the following evidence, prima facie sufficient to establish the homestead character of the premises in question, was introduced by appellant without any objection whatever being made by respondent, as part of appellant's examination of the grantor, Minnie Rose Peck:

"Q.   I believe you testified, Mrs. Peck, that you are the mother of the plaintiff in this action?   A.   Yes, sir.

"Q.   And that you had lived on the land, the subject-matter of this suit, prior to the time it was deeded to Anna?   A.   Yes, sir.

"Q.   How long had you lived on that property.'   A.   Since 1894.

"Q.   And were you living on it at the time of the deed to Anna in September of 1921?   A.   Yes, sir.

"Q.   Had you lived on it continuously from 1894 until that time?   A.   No, sir.

"Q.   How long had you lived away from there?   A.   Just one month.

"Q.   And when was that, Mrs. Peck?   A.   In 1920.

"Q.   Your first husband was named Haffner?   A.   Yes, sir.

"Q.   Did you and Mr. Haffner live on this farm?   A.   Yes, sir.

"Q.   After your marriage to Mr. Peck, did you live at any other place other than this one month you speak of?   A.   No, sir.

"Q.   And you and Mr. Peck were living on the place September 21, 1921, when you deeded it to Anna?   A.   Yes, sir.

"Q.   On September 21, 1921, what property did you claim as your homestead?   That's the time you made this deed to Anna.   A.   Well, that was my homestead up to then.

"Q.   This place in question?   A.   That place out there."

Perhaps respondent should not now be heard to say, for the first time, that this testimony was not within the issues made by the pleadings; but, in any event, we are of the opinion that it is

the better rule that in a proceeding to avoid a conveyance as fraudulent against creditors the party relying upon the conveyance may evidence the homestead character of the premises conveyed under a general denial. The general denial puts in issue the question of fraud, and proof of the homestead character of the property conveyed goes to disproving the element of fraud. Hibben v. Soyer, 33 Wis. 319; Isrigg v. Pauley, 148 Ind. 436, 47 N. E. 821; Deweese v. Deweese, 121 Ky. 747, 90 S. W. 256; Childers v. Pickenpaugh, 219 Mo. 455, 118 S. W. 478.

[4]    But respondent further contends that, if appellant's right to introduce evidence of the homestead character of the premises under the general issue be conceded, yet appellant did not go far enough to advantage herself in this case; that she must establish, not only the homestead character of the premises in question, but also the fact that the value thereof over and above existing incumbrances was less than $5,000.

[5, 6]    We do not believe that this contention of respondent is sound. Respondent by its counterclaim tendered the affirmative of the issue that, by the conveyance in question, and under the circumstances under which it was made, and in view of the insolvency of the grantor, the creditors of the grantor were wrongfully and fraudulently deprived of something. The burden of proving such issue rests on respondent throughout.

[7-9]    By way of supporting such issue, respondent first advances with the introduction of evidence, and offers testimony tending to show that it was a creditor of the grantor; that the grantor was insolvent, and without consideration conveyed a quarter section of land theretofore owned by her to appellant, and thereby establishes a prima facie case in support of the issue tendered by respondent's counterclaim. At this point the burden of proof did not shift, but there was a shift to appellant of the duty of advancing with the testimony; and, if she failed to introduce any testimony at this stage of the proceeding, and the testimony was there closed, respondent would prevail by virtue of its prima facie case. Appellant did advance with the testimony, however, and, since the record is not sufficient to review the evidence upon which the court based its finding that Minnie Rose Peck was insolvent at the time of the conveyance, we must assume, for the purposes of this opinion, that appellant by such testimony was

unable successfully to controvert respondents' prima facie case on the question of insolvency. But appellant did introduce evidence sufficient to establish prima facie the homestead character of the premises in question, and the evidence also showed a first mortgage thereon at the time of the conveyance in the amount of $6,000. Neither party introduced any evidence as to the value of said premises. A homestead being exempt against the claims of creditors to the extent of $5,000, over and above incumbrances, respondent claims that appellant has not met its prima facie case until she establishes, not only the homestead character of the premises, but, in addition, that the same at the time of conveyance were worth less than $11,000; in other words, that creditors could not have made any claim against them.

[10] Appellant, on the other hand, maintains that, when once the homestead character of the premises is made to appear, respondent, to sustain its affirmative burden of proving that it was defrauded by the conveyance, must show that the conveyance passed some value over and above existing incumbrances, plus the $5,000 exemption. We believe appellant is correct. The burden of proving fraud in the conveyance, that is, that creditors were thereby deprived of something, rests throughout upon respondent. In this case respondent meets that burden prima facie by showing that Minnie Rose Peck conveyed away a quarter section of land. Appellant then establishes prima facie the homestead character of the land. Under our law there is no limitation as to value upon a homestead, although it is true that, if the homestead is worth more than $5,000, over and above incumbrances, such excess in value is not by law exempt from the claims of execution creditors, and may be reached by them. Sections 449, 2658, Rev. Code 1919; Hansen v. Hansen, 40 S. D. 114, 166 N. W. 427.

[11-13] Conceding the insolvency of the grantor, lack of consideration for the conveyance, and other like circumstances, when it appeared that the premises conveyed possessed a homestead character, the question at issue as to whether or not respondent was defrauded by such conveyance must turn upon a subsidiary question of fact then for the first time appearing in the case; namely, whether or not the premises conveyed at the time of conveyance had a value in excess of existing incumbrances plus the homestead exemption. If they did, respondent may have been

defrauded by the conveyance. If they did not, respondent could not have been defrauded, bearing in mind that respondent introduced no evidence to rebut appellant's evidence as to the homestead character of the premises. This fact question as to the value of the homestead premises, thus becoming a material issue between the parties, could be proved by evidence, or perhaps by presumption. The question of whether or not the conveyance was fraudulent depending at this stage of the case upon the fact question of value, upon whom did the burden lie? Manifestly, it was on respondent, where it was in the first place, and where it must continue throughout the case, however often the duty of advancing with testimony may move from party to party. Respondent offered no evidence on this question of fact. The inquiry may then occur whether any presumptions might arise which would relieve respondent from the necessity of offering evidence on this point. We think not. It is true that there is no presumption that property is exempt from the claim of creditors; in other words, there is no presumption here, when the homestead character of the property appears, that it is worth less than $5,000, plus incumbrances. But, on the other hand, it is equally true that there is no presumption that it is worth more. The homestead character of property once appearing, whether the same is exempt as against creditors, is an open question of fact depending on value, to be established by evidence unaided by presumption either way, and the duty of advancing with the introduction of such evidence depends upon the pleadings, the issues between the parties, and the question of where the burden of proof rests. In this case it rests on respondent, and respondent, having failed to introduce evidence on this point, and being unaided by presumptions, has failed upon the whole case to establish the affirmative allegations of its counterclaim, and has failed to show that it was entitled to the relief therein sought as awarded by the learned trial judge.

The judgment and order appealed from must be, and they are, reversed, and the case is remanded for new trial.

GATES and SHERWOOD, JJ., concur.

POLLEY and BURCH, JJ., not sitting.