FIRST NATIONAL BANK OF BERESFORD, SOUTH DAKOTA, A Corporation, Plaintiff and Appellee,

v.

Donald V. ANDERSON, Carla L. Anderson, Patrick E. Anderson, and Julia M. Anderson, Defendants,

and

Carol Anderson, (Unnamed Party), Appellant.

No. 13866.

Supreme Court of South Dakota.

Argued Jan. 17, 1983.

Decided April 27, 1983.

---

3. *Dunham v. Dunham*, 189 Iowa 802, 807, 178 N.W. 551, 553 (1920).

724

Robert E. Hayes of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellee.

Richard Bogue of Rudolph & Bogue, Canton, for appellant.

WOLLMAN, Justice.

This is an appeal from an order accepting appraisement, releasing exempt property, and directing sale of real property. We affirm.

After recovering judgment against Donald Anderson, husband of appellant, in the principal sum of $115,567.10, filed for record September 12, 1978, appellee, pursuant to SDCL 21–19–3, on June 4, 1981, gave notice of levy upon certain of Donald Anderson's real property, described as the Southeast quarter of Section 2, Township 95, Range 51, in Clay County, South Dakota. Carol Anderson, appellant, claimed absolute and additional exemptions, including a homestead exemption for the entire tract.

Appellant and her husband acquired their interest in the property in question by virtue of a contract for deed between Joseph A. Skotvold, Allen R. Skotvold, and Kathleen Skotvold, vendors, and Donald Anderson, vendee, dated January 14, 1972. As a part of the consideration for the contract, Donald Anderson agreed to assume the balance of a mortgage held by the Federal Land Bank on the property. On May 2, 1973, appellant and her husband attempted to convey the property to their three chil-

dren. Likewise, on September 3, 1974, the Skotvolds conveyed their interest in the property to appellant's children. On September 12, 1978, the circuit court declared void as a fraudulent conveyance the May 2, 1973, warranty deed from appellant and her husband to their children. We affirmed the circuit court's judgment in *First National Bank of Beresford v. Anderson,* 291 N.W.2d 444 (S.D.1980).

Three appraisers were appointed pursuant to SDCL 21–19–21 and were ordered to complete appraisement of the homestead by December 4, 1981. After a March 1, 1982, hearing, the circuit court entered the order appealed from. The trial court accepted the appraisement and found that the net value of the homestead was in excess of the statutory exemption of $30,000 provided by SDCL 43–45–3(2). Determining that division of the homestead was feasible, the trial court set aside unto the debtors, in accordance with SDCL 21–19–28, a homestead conforming to the $30,000 limitation.

Appellant's first contention concerns the determination of net value of a homestead as contemplated by SDCL 21–19–28. That statute provides:

> If the net value of the debtor's homestead being determined is more than the homestead exemption set by subdivision (2) of § 43–45–3, the court shall determine whether it is feasible to divide such homestead so that the debtor retains his full homestead exemption as provided by law .... If the court finds that such division is not feasible, the court shall make an order to the effect that only that portion of the debtor's homestead represented by the valuation of such homestead exemption plus any encumbrances is subject to levy.

Appellant contends that the trial court made no determination as to the priority and extent of liens existing against the property, and that since no such determination was made, the trial court's order determining the "net value" of the homestead should be set aside.

The settled record includes an abstract search conducted by the Clay County Abstract Company. The circuit court had this abstract, which reveals the nature and amount of all liens existing against the homestead, before it prior to issuing its order determining the net value of the homestead. The mortgage in favor of the Federal Land Bank, on which there is due approximately $13,000, and two other judgments totaling $2,384.78 appear to be the only liens of record that are prior to appellee's judgment lien. Included among the subsequent liens is an Internal Revenue Service lien for unpaid taxes in the amount of $1,144,267.55.

Appellant contends that a determination of net value of the homestead must involve consideration of the effect on the property of what appears from the record to be inferior liens. Appellant states in her brief:

> Since there is no determination that any of the existing liens will terminate or end, the property has no net value. Since such determination is impossible, the Order of the Court determining that the "net value" of the property exceeds the homestead exemption should be set aside.

Pointing to the Internal Revenue Service lien, appellant argues that if the Internal Revenue Service is not required to recognize homestead exemptions, there can be no determination of net value of the homestead property and no division and setting aside of the homestead exceeding the statutory limitation pursuant to SDCL 21–19–28.

■ It is true that the Internal Revenue Service need not recognize homestead exemptions. *See, e.g., United States v. Mitchell,* 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971); *United States v. Bess,* 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958); *United States v. Rogers,* 649 F.2d 1117 (5th Cir.1981), *cert. granted,* 456 U.S. 904, 102 S.Ct. 1748, 72 L.Ed.2d 160 (1982); *Herndon v. United States,* 501 F.2d 1219 (8th Cir. 1974); *United States v. Estes,* 450 F.2d 62 (5th Cir.1971). This fact, however, cannot be held to prevent appellee from foreclosing its prior lien.

■ A homestead is exempt against the claim of creditors to the extent of the statu-

tory amount of the exemption, over and above encumbrances. *Peck v. Peck,* 51 S.D. 157, 212 N.W. 872 (1927). In *Keim v. Rand,* 37 S.D. 408, 158 N.W. 904 (1916), this court held that a purchaser at a sale under a judgment creditor's execution will take title subject to the payment by him of the amount due on a prior mortgage.

■ So long as the foreclosing judgment creditor satisfies prior incumbrances in accordance with our holding in *Keim v. Rand, supra,* so that the judgment debtor is left with property worth at least the amount of the homestead exemption, the protection afforded by the provisions of our state constitution and statutes has been satisfied. That the United States Government may not see fit to guarantee such protection is a matter beyond state control. Accordingly, we hold that the trial court did not err in ordering sale of the non-exempt portion of the property.

■ Appellant's second contention is that by not considering a post-appraisal affidavit of one of the appraisers to the effect that the value of the property had declined since the appraisal date, the circuit court violated the requirement of SDCL 21–19–28 that the debtor retain his full homestead exemption. This argument is without merit.

SDCL 21–19–23 provides that after their appointment, the appraisers "as soon as may be" must proceed with the appraisement of the homestead. The statutory appraisal procedure necessarily entails the passage of time from the time of appraisal to the time of entry of order. In addition, SDCL 21–19–29 requires that no sale be had for sixty days following entry of the court's order setting aside homestead property. The length of time from appraisal to entry of order was not such to indicate an abuse of discretion by the trial court in refusing to rehear the issue of value based upon the affidavit of only one of the three appraisers.*

The order appealed from is affirmed.

All the Justices concur.

---

\* We note that SDCL 21–19–23 requires that a completed appraisal be subscribed by only two of the three appraisers.